*Jay Roberts,* pro se.
*Walter J. Hurley* for the defendants.

WALTER C. RADFORD *vs.* LAWRENCE L. LOVETT, executor, & others.[1] February 20, 1974. The plaintiff appeals from a final decree on a bill for declaratory relief (G. L. c. 231A) brought to establish his right in stock of Atlantic Stores, Inc. (Atlantic). The decree was based on a stipulation "as to facts, limited to the question of whether the statute of limitations, as set forth in Chapter 260, Section 2, of the General Laws, should apply." The decree dismissing the bill (erroneous, in any event; *Vasilakis* v. *Haverhill,* 339 Mass. 97, 101 [1959]) must be reversed because the basis of the dismissal, that the plaintiff's claim is barred by the statute of limitations, finds no support in the stipulation. From the stipulation, it appears that on May 24, 1941, the plaintiff and his brother, Archibald, offered to accept fifteen shares of Atlantic (the charter of which had been approved on January 8, 1940) "in full payment of $750.00" — "due to *us* . . . for equipment [etc.] *we* have furnished the

---

[1] Lawrence L. Lovett is executor of the will of Archibald M. Radford, deceased brother of the plaintiff. The other respondents are Lillian M. Radford, Archibald's widow, and Atlantic Stores, Inc.

corporation . . . ." (emphasis supplied) — eight shares to be issued to Archibald and seven shares to the plaintiff. Atlantic accepted the offer and issued the shares as requested. No other shares had theretofore been, or were thereafter, issued except that "[i]n 1960, a certificate purporting to be for one (1) share . . . was issued to Walter C. Radford [the plaintiff] . . . ." The 1960 certificate aside (we need not deal with it in the present posture of the case), the claim in this case, so far as appears from the stipulation (see *Robinson* v. *Robinson,* 173 Mass. 233, 242 [1899]), is like that in *Hanrihan* v. *Hanrihan,* 342 Mass. 559, 565, 567 (1961), in which the Supreme Judicial Court held that "the transaction [substantially similar to the 1941 transaction relied on in this case] is in the nature of a resulting trust pro tanto. We think that [the stipulation makes out a claim that] the shares which [Archibald] took in his own name above fifty per cent were impressed with a trust in favor of [the plaintiff]." Further, "[i]t is settled that the statute of limitations does not run as to a resulting trust until there has been a repudiation by the trustee." The stipulation does not set out facts from which a repudiation, knowledge of which was brought home to the plaintiff, can be inferred prior to the filing of the present bill in 1971. *Zytka* v. *Dmochowski,* 302 Mass. 63, 67 (1938). See *Dodge* v. *Anna Jaques Hosp.* 301 Mass. 431, 436 (1938). Such cases as *Norwood Trust Co.* v. *Twenty-Four Fed. St. Corp.* 295 Mass. 234, 237 (1936), holding that a demand within the period of limitations is necessary in order to maintain an action arising out of a contract, are not in point. The decree is reversed, and the case is remanded to the Superior Court for proceedings on the merits.

*So ordered.*

*George F. Killgoar* for the plaintiff.
*Joseph J. Beard* for the defendants.