FRANK E. CICCONE *vs.* WALTER C. SMITH & another. April 9, 1975. The plaintiff appeals from a final decree dismissing his bill in equity after an interlocutory decree (from which he also appeals) sustaining the demurrer of the defendants. We apply the tests with respect to the sufficiency of the pleadings embodied in the Massachusetts Rules of Civil Procedure and adopt the terminology of those rules. *Charbonnier* v. *Amico,* 367 Mass. 146, 147, and fn. 3 (1975). The complaint alleges an agreement annexed to it (see Mass. R.Civ.P. 10[c], 365 Mass. 752 [1974]) for the purchase by the plaintiff from the defendants of land in Mashpee and prays (among other things) that the court order the defendants "to carry out all of the terms of the Agreement on their part to be performed . . .." The complaint also alleges "[t]hat since September, 1972, the Petitioner has been ready, willing and able to carry through all the requirements of said agreement, and has tendered payment to the Respondents . . . [t]hat since September 1, 1972, the Petitioner has made repeated demands that the Respondents carry through all the requirements of said agreement . . . [and] [t]hat the Respondents refused and still refuse . . . to carry through all the requirements of said agreement." The defendants do not attack the validity of the contract or the adequacy of the tender allegedly made "since September, 1972," though the date for passing papers was specified to be "on or before September 1, 1972." The complaint was brought within six weeks thereafter, and there was no provision that time was of the essence. *Limpus* v. *Armstrong, ante,* 19, 21-24 (1975). See *Dennett* v. *Norwood Housing Assn. Inc.* 241 Mass. 516, 520 (1922). It is clear from the above that "the complaint states a claim upon which relief can be granted," which is the essential issue raised in the motion to dismiss in this case. The *Charbonnier* case, *supra,* at 147. The complaint con-

tains various allegations of fraud and the like, but we need not decide how or whether they affect the plaintiff's claim described above. See Mass. R.Civ.P. 8(e)(2), 365 Mass. 750 (1974). It is sufficient that the complaint "give fair notice of the claims . . . of the parties" (Reporters' Notes to Rule 8) and that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Mass. R.Civ.P. 8(a)(1), 365 Mass. 749 (1974). The plaintiff's complaint meets these requirements. The relationship and significance of the various other allegations can best be developed in subsequent proceedings. Accordingly, the interlocutory and final decrees appealed from are reversed. The plaintiff shall not have the costs of his brief, which contains plans and a detailed narration of facts not incorporated or alleged in the complaint (or otherwise in the record) and therefore irrelevant to the sufficiency of the complaint.

*So ordered.*

*John R. Lamont* for the plaintiff.
*George L. Wainwright* for the defendants.