FRANK C. ROMANO *vs.* PHILIP SACKNOFF & others. December 8, 1976. The plaintiff appeals from a judgment of the Superior Court dismissing his action for failure to state a claim upon which relief can be granted. Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). A motion under Rule 12(b)(6) should not be allowed "unless it appears to a certainty that [the claiming pleader] is entitled to no relief under any state of facts which could be proved in support of the claim" (empha-

---

sis deleted). 2A Moore, Federal Practice 2274 (2d ed. 1975). Cf. *Conley* v. *Gibson,* 355 U. S. 41, 45-46 (1957). See *Charbonnier* v. *Amico,* 367 Mass. 146, 154, n.14 (1975). 1. For the purpose of determining the correctness of the judge's decision, all allegations are to be taken as true, and the inferences to be drawn therefrom should be in favor of the pleader. *Jones* v. *Brockton Pub. Mkts., Inc.* 369 Mass. 387, 388 (1975). Construed in this fashion, the plaintiff's complaint sets forth all the elements necessary to maintain an action ex contractu. *Balsavich* v. *Teamsters Local 170,* 371 Mass. 283, 287 (1976). The complaint alleges sufficient facts to show an agreement between the plaintiff and the defendants in which the plaintiff agreed to enter into a joint venture with the defendant Sacknoff to purchase and operate five nursing homes then owned by the defendant M. & S. Investment Co., Inc., which in turn was owned by the defendants Sacknoff and Mayers. (The defendant Franco Corporation was to be organized for the purpose of accomplishing the sale.) The plaintiff has sufficiently alleged that he gave consideration to support the agreement and that he performed his part of the agreed bargain. *Ciccone* v. *Smith,* 3 Mass. App. Ct. 733 (1975). The complaint alleged that the plaintiff did not receive his promised weekly salary of $300 or title to the nursing homes in question. This was a sufficient allegation to show that the defendants had committed a breach of the agreement and that the plaintiff had suffered damages by reason of the breach. See *Precision Piping Associates, Inc.* v. *Boston,* 3 Mass. App. Ct. 148, 149 (1975). The complaint gave "fair notice" to the defendants of the plaintiff's claims, and of the grounds therefor. *Ciccone* v. *Smith, supra,* at 734. Cf. *Conley* v. *Gibson,* 355 U. S. at 47. See Mass.R.Civ.P. 8, 365 Mass. 749 (1974). 2. We do not reach the defendant's contention that the complaint was properly dismissed because the plaintiff failed to allege that the contract was in writing as required by the Statute of Frauds (G. L. c. 259, § 1), as nothing contained in the complaint suggests that the agreement was oral.[1] Accordingly, the motion to dismiss for failure to state a claim upon which relief can be granted should not have been allowed.[2] The judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*

*Richard H. Gens* for the plaintiff.
*Alan S. Novick* for the defendants.

---

[1] Our disposition of this case makes it unnecessary for us to decide whether the Statute of Frauds must in these circumstances be pleaded as an affirmative defense. Compare *Keene Lumber Co.* v. *Leventhal,* 165 F. 2d 815, 820 (1st Cir. 1948), with *Currier* v. *Knapp,* 442 F. 2d 422, 423 (3d Cir. 1971).

[2] We express no opinion on whether the supporting materials which the defendants claim are in their possession (some of which are appended to their brief) are sufficient to warrant the allowance of a motion for summary judgment in their favor (Mass.R.Civ.P. 56, 365 Mass. 824 [1974]), as these materials do not appear to have been brought to the attention of the judge who acted on the motion to dismiss. Compare *Carter* v. *Stanton,* 405 U. S. 669, 671 (1972).