JOHN C. LINGBLOM *vs.* AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES (and a companion case). May 29, 1979. By their appeals from judgments entered in the Superior Court the plain-

tiffs complain of (1) the denial of their motions to amend their complaints (see Mass.R.Civ.P. 15[a], 365 Mass. 761 [1974]) and (2) the allowance of the defendant's motions to dismiss their actions pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974).

Rule 15(a) requires that "leave to amend shall be given freely" in the absence of any apparent or declared reason. *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 289 (1977). "In this case no apparent or declared reason for the denial of the motion to amend appears except the contention that the complaint, as proposed to be amended, fails to state a valid claim. . . . [A] judge properly may deny a motion to amend because the complaint as amended would fail to state a claim on which relief could be granted [footnote omitted]. Consequently, we analyze the issues argued on behalf of the plaintiffs on the basis of the allegations of the complaint, as proposed to be amended, to determine whether the plaintiffs have alleged a claim which may entitle them to relief." *Jessie* v. *Boynton*, 372 Mass. 293, 295-296 (1977). Compare *Evans Prod. Co.* v. *D. J. Dev. Corp.*, 6 Mass. App. Ct. 306, 308 (1978). For the purpose of ruling on the motions to dismiss, we take the allegations of the proposed amended complaint as true. *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). *Peters* v. *Hartford Acc. & Indem. Co.*, 377 Mass. 863, 864 (1979). But see *Whitinsville Plaza, Inc.* v. *Kotseas*, 378 Mass. 85, 88 n.5 (1979).

We are unable to say that it appears beyond doubt that the plaintiffs are entitled to no relief under any state of facts which could be proved in support of the claims set out in their proposed amended complaints. *Nader* v. *Citron, supra* at 98. See *Romano* v. *Sacknoff*, 4 Mass. App. Ct. 862 (1976), and authorities cited. But see Mass.R.Civ.P. 12(e), 365 Mass. 756 (1974). It was thus error for the judge to deny the plaintiffs' motions to amend and to allow the defendant's motions to dismiss. *Romano* v. *Sacknoff, supra.* See *Jessie* v. *Boynton, supra* at 302-303. See generally *Balsavich* v. *Local 170, Intl. Bhd. of Teamsters*, 371 Mass. 283, 287-289 (1976).

It will be a matter of proof, of course, whether the plaintiffs in fact had legally enforceable contracts with the defendant or whether, in all the circumstances, the defendant had a fiduciary obligation to the plaintiffs, and if such an obligation is found to exist, whether it was breached or carried out in a negligent or careless manner.

We express no opinion whether the defendant can provide sufficient material to warrant the allowance by a judge of motions for summary judgment in its favor. See Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974).

The judgments dismissing the complaints are reversed, and the plaintiffs' motions to amend their complaints are to be allowed. The defendant may then move or answer according to the Massachusetts Rules of Civil Procedure. Costs are not to be awarded to any party.

*So ordered.*

*Robert J. Abruzzo* for the plaintiffs.
*Wayne Soini* for the defendant.