Anne ANDERSON, et al., Plaintiffs,

v.

CRYOVAC, INC., et al., Defendants.

Civ. A. No. 82–1672–S.

United States District Court,
D. Massachusetts.

Jan. 24, 1983.

Jan Richard Schlichtmann, Boston, Mass., Anthony Z. Roisman, Washington, D.C., Reed & Mulligan, Boston, Mass., for plaintiffs.

William J. Cheeseman, Foley, Hoag & Eliot, Jerome P. Facher, Neil Jacobs, Hale & Dorr, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

Plaintiffs bring this action for injunctive and monetary relief against defendants based on defendants' alleged contamination of the water supply in Woburn, Massachusetts. Plaintiffs and their decedents claim that they have suffered from leukemia and other health problems as a result of defendants' conduct. Defendant W.R. Grace & Co. ("Grace") has moved to strike the Complaint and Amended Complaint and to dismiss the action against it under Fed.R. Civ.P. 11 ("Rule 11").

Rule 11 is a useful tool to restrain frivolous and abusive litigation. More active use of this rule might rid the federal courts of a number of actions brought with nothing more than hope and faith in the pre-trial discovery process. Rule 11 should not be used, however, to harass the serious litigant whose claim may depend upon circumstantial evidence and may not be fully developed at the time that the complaint is filed. In any case, a Rule 11 motion should be summarily disposed of one way or another and not require a pre-trial of the issues.

Rule 11 requires that an attorney shall sign a pleading only when "to the best of

his knowledge, information, and belief there is good ground to support it". Defendant Grace argues that plaintiffs had no good grounds to support their allegations against it when they filed their Complaint and Amended Complaint.

 In response to defendant's motion, plaintiffs have detailed the research and factual investigation which preceded their filing of this action. They relied in part on a report entitled "Chlorinated Solvent Contamination of the Groundwater: East Central Woburn, Massachusetts" (March 8, 1982), prepared for the United States Environmental Protection Agency by Ecology and Environment, Inc. This report documents the existence of hazardous wastes in the groundwater of Woburn and states that a likely source of contamination is in the vicinity of the Grace facility. Plaintiffs also retained an environmental engineer to examine the data in this report. The engineer concluded that Grace was a likely source of contamination in the water supply. This information is sufficient to provide the basis for a good faith belief that Grace was responsible for contaminating the Woburn water.

Grace's second argument is that plaintiffs had no knowledge or information which would support a good faith belief that any of the chemicals allegedly discharged by Grace cause leukemia. Plaintiffs had information that trichloroethylene ("TCE") is listed as a hazardous waste by the Environmental Protection Agency and is believed to cause various health problems. In lifetime feeding studies, TCE has caused tumors in mice. While plaintiffs may not have conclusive evidence that TCE causes leukemia, the evidence that TCE causes other health problems coupled with the statistical evidence regarding the incidence of leukemia in Woburn provide a sufficient basis for a good faith belief that TCE was a factor contributing to plaintiffs' illnesses.

Plaintiff's counsel stated at the hearing that he had checked the complaint line by line with his retained expert and was advised that each allegation was justifiable. This statement was not contested. It car-

ries the plaintiff's complaint past the Rule 11 challenge.

Accordingly, defendants' Rule 11 motion is DENIED.