JOHN WRIGHTSON *vs.* HELEN B. SPAULDING, executrix.

Essex.  April 11, 1985. — May 15, 1985.

Present: BROWN, KAPLAN, & FINE, JJ.

*Limitations, Statute of.  Practice, Civil,* Dismissal, Complaint.

In an action against an executrix seeking a portion of certain corporate shares
held by the estate of the decedent on the theory that the decedent, while
involved with the plaintiff and others in a partnership arrangement, had
made an oral promise to transfer to the plaintiff a portion of an interest
acquired from a third partner, it was error to allow the defendant's
motion to dismiss on the ground that the contract statute of limitations
had run, where the plaintiff had filed an amended complaint, asserting
the existence of a fiduciary relationship between the decedent and himself
based on an express oral trust, which was sufficient to state a claim
upon which relief could be granted. [71-73]

CIVIL ACTION commenced in the Superior Court Department
on February 3, 1984.

A motion to dismiss was heard by *John T. Ronan,* J.

*Bartholomew P. Molloy* (*Norma J. Brettell* with him) for
the plaintiff.

*Gael Mahony* (*John A. D. Gilmore & Stephen M. Nolan*
with him) for the defendant.

BROWN, J. With some difficulty we are able to surmise from
the complaint that the plaintiff was involved with the defend-
ant's deceased husband and others in a partnership arrangement
which at some point (undisclosed on the record) between 1974
and 1983 was terminated and its principal asset transferred to
a certain corporation. There is controversy over the respective
ownership interests of the former partners in the corporation.
Based upon an alleged oral promise by the decedent to transfer
to the plaintiff a portion of an interest acquired from a third
partner, the plaintiff asserts his right to a portion of certain
corporate shares held by the estate of the decedent and to the

proceeds of the corporation's liquidation represented by those shares. The alleged promise was made on or about January 7, 1974.

In an action brought in the Superior Court on February 3, 1984, the plaintiff sought declaratory and equitable relief against the defendant, executrix of her husband's will, on a theory of constructive trust. The defendant views this matter as a breach of contract action and therefore barred by the six-year statute of limitations embodied in G. L. c. 260, § 2. In an attempted amendment to his original complaint the plaintiff, however, appears not to rest his claim on breach of contract, but asserts the existence of a fiduciary relationship between the decedent and himself and contends that the statute of limitations, therefore, did not begin to run until he learned in 1983 of the decedent's repudiation of that relationship. See *Kearney* v. *Mechanics Natl. Bank,* 343 Mass. 699, 703 (1962); *O'Hara* v. *Robbins,* 13 Mass. App. Ct. 279, 284-285 (1982); *Radford* v. *Lovett,* 1 Mass. App. Ct. 874, 875 (1974).

The defendant filed a motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), on the ground that the action was barred by the statute of limitations. On July 18, 1984, the judge allowed the motion without addressing the "amended complaint" filed by the plaintiff on the same day. A few days later the plaintiff filed a motion for relief from the judge's order (see Mass.R.Civ.P. 60(b), 365 Mass. 828 [1974]) and for rehearing of the motion to dismiss, calling attention to the amended complaint. The same judge declined to change his prior order and a judgment of dismissal was entered on August 28, 1984.

The practice under Mass.R.Civ.P. 12(b)(6) and its Federal model is clear. See, e.g., *Nader* v. *Citron,* 372 Mass. 96, 97-98 (1977), and cases cited. See *Charbonnier* v. *Amico,* 367 Mass. 146 (1975), particularly n.14, at 154. "[A] complaint is not subject to dismissal if it would support relief under any theory of law." *Whitinsville Plaza, Inc.* v. *Kotseas,* 378 Mass. 85, 89 (1979). See also *Romano* v. *Sacknoff,* 4 Mass. App. Ct. 862 (1976). The operation of Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974), regarding amendment of pleadings also is

clear. See, e.g., *Castellucci* v. *United States Fid. & Guar. Co.,* 372 Mass. 288 (1977); *Jessie* v. *Boynton,* 372 Mass. 293, 294-296 (1977).

Because the complaint had not previously been amended and no "responsive pleading" had been served, nor had there been an "entry of an order of dismissal," the amendment was one that could be made as "a matter of course." Mass.R.Civ.P. 15(a). Compare *Evans Prod. Co.* v. *D.J. Dev. Corp.,* 6 Mass. App. Ct. 306, 309 (1978). Passing the question whether the judge correctly allowed the motion to dismiss the original complaint, we conclude that the amended complaint could not have been properly dismissed pursuant to Mass.R.Civ.P. 12(b)(6). See *Jessie* v. *Boynton,* 372 Mass. at 302. Under our liberal pleading rules, the amended complaint is sufficient to state a cause of action for breach of a fiduciary relationship based on an express oral trust. See *Haggerty* v. *Globe Newspaper Co.,* 383 Mass. 406, 409 (1981), and cases cited. See also *Coolidge Bank & Trust Co.* v. *First Ipswich Co.,* 9 Mass. App. Ct. 369, 370 (1980).

We assume that the judge denied relief because he was convinced that the plaintiff would not be able to prove that the decedent held the claimed interest in trust during the period in question. Compare *Jenkins* v. *Jenkins,* 15 Mass. App. Ct. 934, 935 (1983). Doubt or misgivings whether the present claim can be ranked as provable (or even credible), however, is not a proper basis for dismissal of the plaintiff's action under rule 12(b)(6).[1] "A complaint should not be dismissed simply because it asserts a new or extreme theory of liability or improbable facts." *Jenkins* v. *Jenkins, supra* at 934.

If a complaint lacks merit, the defendant should take the appropriate steps to cause the matter to be brought within the purview of rule 56(b), 365 Mass. 824 (1974).[2] Of course, the

---

[1] In the circumstances we direct the plaintiff's attention to Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974). See *Balsavich* v. *Local 170, Intl. Bhd. of Teamsters,* 371 Mass. 283, 288 & n.7 (1976). See also S.J.C. Rule 3:07, DR 7-102(A)(1), 382 Mass. 785 (1981).

[2] We remain continually puzzled why this defendant and others still do not take the extra step and attempt to push what appear to be marginal causes of action over the summary judgment cliff. Cf. *Jackson* v. *Longcope,* 394 Mass. 577, 578 (1985).

The notion apparently was not foreign to these proceedings, as an affidavit of the clerk of the corporation in question appears in the record. Attached to

judge, sua sponte, with appropriate notice to the parties, could treat a rule 12(b)(6) motion as one for summary judgment.[3] See *White* v. *Peabody Constr. Co.,* 386 Mass. 121, 126-128 (1982); *Jackson* v. *Longcope,* 394 Mass. 577, 582-583 (1985); Contrast *Stop & Shop Cos.* v. *Fisher,* 387 Mass. 889, 892 (1983).

A further comment is necessary. Prior to the entry of judgment the plaintiff, pursuant to Mass.R.Civ.P. 60(b)(1) and (6), moved for reconsideration of the order of dismissal, focusing particularly on the efficacy of the "Amended Complaint." The judge denied the motion for reconsideration, not on any procedural ground, but on the basis that the amendment was of no avail to the plaintiff. That was an erroneous conclusion.[4] As already noted, the amended complaint can be read as making a further allegation that the decedent actually held the partnership (and later corporate) interest in trust for the benefit of the plaintiff from January 7, 1974, to the decedent's death in 1983.

The judgment dismissing the complaint, as amended, is reversed, and the matter is to stand for further proceedings in the Superior Court consistent with this opinion.

*So ordered.*

---

the affidavit were seemingly valid copies of minutes of two special shareholder meetings. That affidavit, docketed on May 22, 1984, arguably could have caused a mortal wound to the plaintiff's case. Compare *Romano* v. *Sacknoff,* 4 Mass. App. Ct. at 863 n.2.

[3] That may have been done here, but we have no way of knowing on this record in what context the judge viewed the affidavit of the clerk of the corporation, discussed in note 2, *supra,* or even if he considered it at all.

[4] We make the observation, not relevant to our resolution of this matter, that, although consideration of the affidavit of the clerk of the corporation would not be proper in a proceeding under rule 12(b)(6), the judge properly could have considered it as a response to the motion for reconsideration.