U.S. FUNDING, INC. OF AMERICA *vs*. BANK OF BOSTON
CORPORATION.

No. 89-P-973.

Norfolk. January 24, 1990. - March 21, 1990.

Present: ARMSTRONG, CUTTER, & KASS, JJ.

*Practice, Civil*, Complaint, Dismissal. *Contract*, Performance and breach. *Damages*, Breach of contract. *Jurisdiction*, Superior Court. *Consumer Protection Act*, Bank. *Rules of Civil Procedure*.

In an action against a bank seeking compensatory damages, plus multiple damages and attorney's fees under G. L. c. 93A, on the theory that the bank, having agreed to provide the plaintiff with a line of credit, failed to extend the credit in breach of the conditions of the agreement, it was error to allow the defendant's motion to strike the plaintiff's amended complaint on the ground that it violated Mass.R.Civ.P. 11(a), where the amended complaint did not show beyond doubt that the plaintiff could prove no set of facts in support of its claim which would entitle it to relief, and where the record was devoid of a factual basis for concluding that the plaintiff's claim was either frivolous or improperly motivated. [406-409]

CIVIL ACTION commenced in the Superior Court Department on March 13, 1989.

The case was ordered dismissed by *Roger J. Donahue*, J.

*Joseph Wine* for the plaintiff.

*John J. Kuzinevich* for the defendant.

ARMSTRONG, J. The plaintiff appeals from a judgment dismissing its amended complaint with prejudice under Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974). The relevant history is as follows.

The original complaint alleged that the defendant agreed to provide the plaintiff with a line of credit in the amount of $250,000 and failed to extend the credit in breach of the conditions of the agreement. As a result, the complaint alleged, the plaintiff "suffered great financial loss, was put to great

expense and sustained a diminution in the value of its business"; it sought $1,000,000 in compensatory damages and three times that amount, plus attorney's fees, for a bad-faith violation of G. L. c. 93A. The defendant moved to strike the complaint for two reasons: first, violation of G. L. c. 231, § 13B, prohibiting the inclusion of an ad damnum or specific monetary amount unless damages are liquidated or are ascertainable by calculation and supported by an affidavit setting out the method employed in the calculation; and, second, violation of Mass.R.Civ.P. 11(a),[1] because "[i]t is obvious that the [p]laintiff has merely selected a number out of the air, without good grounds for support, for the purposes of annoyance, intimidation and harassment. . . . Plaintiff's unverified and unsupported claim is not advanced in good faith. . . ."

The motion to strike was allowed without a statement of the ground, but the plaintiff was given leave to file a motion to amend the complaint. In response, the plaintiff filed such a motion, together with an amended complaint, different from the original complaint only in that it did not specify the amount of damages sought. The defendant filed an opposition and a motion to strike. The ground was that the complaint still violated rule 11. Five transgressions were listed: (1) The commitment letter was signed not by the defendant but by the First National Bank of Boston, (2) count 2, for breach of contract, is redundant of count 1; (3) count 3, seeking damages for fraud and violations of c. 93A, fails to identify the misrepresentation with the specificity required by Mass.R.Civ.P. 9(b), 365 Mass. 751 (174); (4) the complaint, by failing to substantiate some amount as damages, fails to show that the Superior Court had jurisdiction as opposed to the District Court under G. L. c. 231, § 102C; and

[1]In relevant part the rule reads: "The signature of an attorney to a pleading constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is a good ground to support it; and that it is not interposed for delay. If a pleading is not signed, or is signed with intent to defeat the purpose of this Rule, it may be stricken and the action may proceed as though the pleading had not been filed. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action."

(5) the Civil Action Cover Sheet[2] was filed in bad faith, because it states that the plaintiff was "harmed in reputation" but nowhere is a libel or slander count pleaded. Pervading the motion were two other objections: first, that the complaint is substantially unchanged from the one previously struck, except for deletion of the ad damnum; second, that the $1,000,000 claim for damages (still appearing in the "Civil Action Cover Sheet") is "absurd on its face" for breach of a commitment to lend $250,000 "since it assumes that the U.S. Funding had a four hundred percent rate of return on its assets after carrying costs, expenses, and salaries . . . . Rather, on information and belief, [p]laintiff had a return on assets of 1.2 percent; below the industry average of 6-8%."

The motion to strike concluded as follows: "The only inference after reviewing the [c]omplaint and its patent deficiencies is that the suit was filed for the purpose of harassing the [d]efendant and attempting to recover some nuisance value from the transaction. It is clearly improper and not advanced in good faith. It should be stricken and sanctions imposed."

It was error to strike the amended complaint. The complaint is a common garden variety pleading, stating claims for breach of contract and G. L. c. 93A. Shorn of its ad damnum, it is an acceptable complaint, not particularly detailed, but well within the boundaries laid down by *Nader* v. *Citron*, 372 Mass. 96, 98, 104-105 (1977). It does not show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 98, quoting from *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). See also *Charbonnier* v. *Amico*, 367 Mass. 146, 152-153 (1975); *Whitinsville Plaza, Inc.* v. *Kotseas*, 378 Mass.

---

[2]Superior Court Standing Order No. 1-83 (1983) requires one filing a civil complaint to fill out a Civil Action Cover Sheet that describes the type of action and damages sought "to facilitate court case data collection and the transfer procedure in the Superior Court Department . . . ." The plaintiff, in completing the form, is required to set forth a "statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages." Superior Court Rule 29(2).

85, 89 (1979); *Wrightson* v. *Spaulding*, 20 Mass. App. Ct. 70, 71-73 (1985).

The specific points urged by the defendant in its motion to strike border on the frivolous. (a) There is no rule of law that limits damage awards for breach of a contract to lend money to nominal damages. Actual damages that were foreseeable can be awarded if substitute financing is unavailable. See *Harsha* v. *State Sav. Bank*, 346 N.W.2d 791, 796-797 (Iowa 1984); *W-V Enterprises, Inc.* v. *Federal Sav. & Loan Ins. Corp.*, 234 Kan. 354, 367-368, 373 (1983); *St. Paul at Chase Corp.* v. *Manufacturers Life Ins. Co.*, 262 Md. 192, 240-243, cert. denied, 404 U.S. 857 (1971). Compare *First Pa. Mortgage Trust* v. *Dorchester Sav. Bank*, 395 Mass. 614, 627 (1985). See generally Restatement (Second) of Contracts § 343 comment e & illustration 15 (1981); 5 Corbin, Contracts § 1078, at 447-448 (1964); 11 Williston, Contracts § 1411, at 614 (3d ed. 1968); Annotation, Measure and Elements of Damages for Breach of Contract to Lend Money, 4 A.L.R.4th 682, 698-703 (1981). (b) The Superior Court had jurisdiction even though the action might be remanded to the District Court under G. L. c. 231, § 102C. See G. L. c. 212, § 4 (general jurisdiction of Superior Court); G. L. c. 218, § 19 (concurrent jurisdiction of District Courts in "all civil action[s] in which money damages are sought"). (c) While Mass.R.Civ.P. 9(b) requires specification of circumstances in "averments of fraud, mistake, duress or undue influence," the concept of "unfair or deceptive acts or practices" made actionable by G. L. c. 93A "goes far beyond the scope of the common law action for fraud and deceit," *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688, 703 (1975), and does not necessarily require similar pleading specificity. (d) The reference in the cover sheet to seeking compensatory damages for injury to the reputation of the plaintiff's business may be unachievable under settled law but it is not a basis for dismissal of the complaint (which makes no reference to such damages). (e) If there is any ground for the defendant's motion that has possible merit, it is that the plaintiff's dealings were with First National Bank

of Boston rather than with the named defendant (Bank of Boston Corporation). As to this, however, the record supplies no factual basis for a conclusion that the plaintiff did not contract with Bank of Boston Corp. If it did, the appropriate remedy would normally be substitution of the correct party defendant rather than dismissal of the action — particularly if it is shown that the corporations are related and that there has been no prejudice caused to the correct defendant by the delay.

More generally, we think that the judgment in this case represents an inappropriate use of rule 11. It is true that rule 11 is "a useful tool to restrain frivolous and abusive litigation," *Anderson* v. *Cryovac, Inc.*, 96 F.R.D. 431, 431 (D. Mass. 1983), and that, unlike Federal rule 11,[3] Massachusetts rule 11 retains the provision for striking pleadings that are signed with intent to defeat the purpose of the rule (such as an intent to harass or to cause needless delay or expense). Dismissal was ordered in this case, however, before the filing of any answer or other responsive pleading and in the absence of affidavits, depositions, answers to interrogatories, or testimony. The result is a record devoid of a factual basis for concluding that the plaintiff's claim is either frivolous or improperly motivated.

"All fact issues raised by pleadings or other papers should be resolved by the usual litigation processes before questions of honesty are addressed, and no investigation or discovery directed only toward honesty should be allowed until such issues have been resolved, by trial or otherwise, in the moving party's favor." Risinger, Honesty in Pleading and Its Enforcement: Some "Striking" Problems with Federal Rule of

---

[3]See *New England Allbank for Sav.* v. *Rouleau, ante* 135, 141 n.5 (1989). The history and reasons for the 1983 amendment to the Federal rule 11 are discussed in 2A Moore, Federal Practice § 11.01[4] (2d ed. 1987), where it is said, at 11-5 (citations omitted): "The provision in the original rule for striking pleadings and motions as sham and false has been deleted. The passage has rarely been utilized, and decisions thereunder have tended to confuse the issue of attorney honesty with the merits of the action. Motions under this provision generally present issues better dealt with under Rules 8, 12 or 56."

Civil Procedure 11, 61 Minn.L.Rev. 1, 61-62 (1976). "Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion for a more definite statement or by a motion for summary judgment." 5 Wright & Miller, Federal Practice & Procedure § 1334 (1969).

The cases relied on by the defendant do not support the use of rule 11 to jump the gun. *Rhinehart* v. *Stauffer*, 638 F.2d 1169 (9th Cir. 1980), permitted dismissal apparently at the pretrial conference stage of the litigation after it appeared that the plaintiff's attorney had signed a complaint without sufficient knowledge of the matter to be able to discuss it with opposing counsel and without having even discussed the case with, or received information about the case from, his client. In *Murray* v. *Dominick Corp. of Canada, Ltd.*, 117 F.R.D. 512 (S.D.N.Y. 1987), the dismissal came during a trial that showed that certain pretrial submissions of the plaintiff contained material statements of fact that the judge found to have been knowingly false. In *Anderson* v. *Cryovac, Ltd.*, 96 F.R.D. at 432, the complaint was not dismissed.

A defendant who wishes to avoid the expense of a trial to defend against a frivolous, improperly motivated claim, is not without recourse. "If a complaint lacks merit, the defendant should take the appropriate steps to cause the matter to be brought within the purview of rule 56(b), 365 Mass. 824 (1974)." *Wrightson* v. *Spaulding*, 20 Mass. App. Ct. at 72. Having first established that the complaint lacks merit, the defendant may then proceed in appropriate cases to avail himself of the remedies afforded by rule 11 and by G. L. c. 231, § 6F, which may include costs, damages, and attorneys' fees. See *New England Allbank for Sav.* v. *Rouleau, ante* 135, 141 n.5 (1989).

*Judgment reversed.*