Hurley, J.
The plaintiff sued the defendant to recover unpaid rent The defendant filed a motion to dismiss pursuant to Dist./Mun. Cts. R. Civ. P., Rule 12 (b) (6). This motion was allowed, judgment for the defendant entered and this report followed.
The motion judge allowed the motion to dismiss apparently on the basis that a prior action (not between the same named parties) terminated in favor of the defendant (the defendant is the same in both cases). See Fields v. LeBrun.[1] Affirmative defenses such as estoppel or res judicata should be set forth in the defendant’s answer unless apparent on the face of the complaint. In the latter case a motion to dismiss for failure to state a claim upon which relief may be granted may be appropriate. Sidebotham v. Robison, 216 F.2d 816 (9th Cir. 1954); Southard v. Southard, 305 F.2d 730 (2nd Cir. 1932). The res judicata defense is also available by a Rule 12(b) (6) motion if the materials are official, undisputed records that can be read with the complaint. Osserman v. Jacobs, 369 Mass. 200, 201, n.3 (1975). The prior judgment referred to in this case is an action between parties other than the parties in this suit
The trial judge may, with appropriate notice to the parties, treat a motion to dismiss for failure to state a claim upon which relief can be granted as one for summary judgment. Wrightson v. Spaulding, 20 Mass. App. Ct. 70, 72 (1985). Ride 12(b) provides that when “matters outside the pleadings are presented to and not excluded by the court the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.” The record before us does not indicate that the parties were so notified. Treating the motion to dismiss as a motion for summary judgment without notice to the plaintiff deprives the plaintiff of the opportunity to present materials to the court beyond those relevant only to a motion to dismiss. See Stop and Shop Companies, Inc. v. Fisher, 387 Mass. 889, 891 (1983). See also Bass River Lobsters, Inc. v. Smith, 7 Mass. App. Ct. 197, 202 (1979).
The motion judge relied on the dismissal with prejudice in a different division of a prior action for rent for the same premises for the same time as this case. At the time of the allowance of the motion to dismiss, the dismissal of the prior action was on report to this appellate division. Fn 1. The parties are not identical. The claims state different theories of recovery. The prior judgment was not final. The dismissal is vacated. This case shall proceed in the Wareham Division.

 Appellate Division Southern District No. 545, decided December 14,1989.