Fecteau, J.
On May 29, 1992, Plaintiff Arthur Gold-stein, formerly d/b/a Goldstein and Goldstein, filed a complaint in Gardner District Court against Defendant Michael Elbery, d/b/a Mulcahey’s Cafe, alleging monies owed for breach of a legal services contract. On June 10, 1992, Defendant counterclaimed, alleging unfair and deceptive trade practices under G.L.c. 93A, §§2 and 9 and removed the case to Superior Court. Plaintiff now moves to dismiss the counterclaim, asserting it fails to meet the pleading requirements of Mass.R.Civ.P. 9(b) and that it fails to state a claim upon which relief can be granted under Mass.R.Civ.P. 12(b)(6). For the reasons stated below the Plaintiffs motion is DENIED.
Background
Plaintiffs action stems from legal services he allegedly provided Defendant several years ago and for which, he argues, Defendant still owes money. Defendant disputes the legal fees and counterclaims, alleging the plaintiff filed the underlying complaint knowing the information contained therein to be false, misleading and fraudulent," thereby violating the Massachusetts Consumer Protection Act, G.L.c. 93A. Plaintiffs Motion to Dismiss the Counterclaim and briefs in support thereof set forth two theories as to why the counterclaim should be dismissed. First, Plaintiff argues that Defendant’s Chapter 93A counterclaim fails to meet the pleading requirements of Mass.R.Civ.P. 9(b) requiring averments of fraud to be stated with particularity. Second, Plaintiff argues that the “commencement of the original action against the Defendant is an absolute privilege and immunizes the Plaintiff from any civil liabilities based upon the complaint ...” Therefore, Plaintiff argues, the counterclaim should be dismissed for failing to state a claim under Mass.R.Civ.P. 12(b)(6).
*108 Discussion
1. Defendant’s counterclaim meets the pleading requirements for Chapter 93A actions.
Under Mass.R.Civ.P. 9(b) “all averments of fraud . . . shall be stated with particularity.” However, while Chapter 93A actions allege “unfair or deceptive acts or practices,” thereby presumably falling into the general category of fraud, “the concept of unfair or deceptive acts or practices made actionable by G.L.c. 93A goes far beyond the scope of the common law action for fraud and deceit and does not necessarily require similar pleading specificity.” U.S. Funding, Inc. of America v. Bank of Boston Corp., 28 Mass.App.Ct. 404 (1990) (citing Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975)).
Defendant’s counterclaim asserts “unfair and deceptive trade practices” in violation of Chapter 93A, and alleges Plaintiff filed the complaint knowing the information contained therein (claiming Defendant’s liability for legal fees) was “false, misleading and fraudulent.” Defendant’s counterclaim clearly meets the pleading requirements for a Chapter 93A action.
2. Defendant states a claim under Chapter 93A as Plaintiffs filing of the complaint is actionable.
Under Mass.R.Civ.P. 12(b)(6) the court accepts as true the well pleaded factual allegations of the counterclaim, as well as any inference which can be drawn therefrom in the Defendant’s favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). Further, a claim should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App. 28 (1988).
The practice of law constitutes “trade or commerce” and claims arising out of the attorney-client relationship are actionable under Chapter 93A. Brown v. Gerstein, 17 Mass.App. 558, 570 (1984) (citing Guenard v. Burke, 387 Mass. 802, 808-11 (1982)). Plaintiff nevertheless asserts that “the words of a complaint are not actionable and have absolute privilege,” and therefore argues that his filing of a complaint to enforce payment of the disputed legal bills is likewise not actionable. Plaintiff relies on Sullivan v. Birmingham, 11 Mass.App.Ct. 359 (1981), for his proposition.
In Sullivan the court noted at the outset that the doctrine of absolute privilege applies to “defamatory statements made in the institution or conduct of litigation or in conferences and other communications preliminary to litigation.” Id., at 361. The court went on to say that “the policy underlying the absolute privilege also immunizes the defendants from any civil liability based on the allegations made in [the] complaints.” Id. at 367.
However, the court distinguished liability for allegations made in the complaint from liability for the act of filing the complaint. Indeed, the court declared that an absolute privilege would not bar an action for malicious prosecution: “The plaintiffs complaints do not attack the instituting of suits against them. Rather, their claims are based solely on the wrongful insertion of [specific allegations].” Id., n.8.
Plaintiffs reliance on Sullivan, therefore, is misplaced. Here Defendant does not base his Chapter 93A claim on the specific allegations in the complaint — to which Sullivan could apply. Instead, in a situation analogous to a malicious prosecution action, Defendant’s claim is based on Plaintiffs act of filing the complaint at all — an extension of the allegedly “unfair or deceptive acts” surrounding the disputed billing.
Since Chapter 93A applies to the attorney-client relationship and since Defendant states a claim grounded in Chapter 93A regarding Plaintiffs allegedly fraudulent billing practices and complaint arising therefrom, Plaintiffs motion must be denied.
ORDER
For the foregoing reasons the Plaintiffs Motion to Dismiss the Counterclaim is DENIED.