Nickerson, Gary A., J.
The plaintiff, Richard Peckham (“Peckham”), brings this declaratory judgment action against his automobile insurer, Hanover Insurance Company (“Hanover”), seeking a declaration that Hanover has a duty to defend Peckham in Peckham’s action against Hanover to recover for personal injuries allegedly sustained following an automobile accident on January 8, 2008. Peckham has moved for summary judgment (Docket #5). In response, Hanover cross moved for summary judgment (Docket #8). For the following reasons, Peckham’s Motion for Summary Judgment is DENIED, and Hanover’s Motion for Summary Judgment is ALLOWED.

BACKGROUND

Peckham alleges that he and his wife were injured in an automobile accident that occurred on January 8, 2008, when another driver rear-ended Peckham’s vehicle. Hanover had issued Peckham a standard automobile policy, No. AYN 837065, which was effective January 2008. The policy included Personal Injury Protection (“PIP”) coverage of $8,000 and Medical Coverage of $25,000. The policy also states that Hanover had: “the right to defend any lawsuit brought against anyone covered under this policy . . . [and] a duty to defend any such lawsuit, even if without merit.” Peckham made a claim under the policy for PIP and Medical Coverage, which Hanover did not pay.
Peckham sued Hanover in Barnstable District Court, Civil Action No. 0825CV 495, alleging G.L.c. 90, §34M, G.L.c. 93A, and G.L.c. 176D violations (“underlying action”). Hanover asserted an affirmative defense to Peckham’s claims, stating that the auto policy excludes the requested coverage in limited situations as follows: “We will not pay PIP benefits to or for . . . Anyone who contributed to his or her injury by operating an auto . . . (c) with specific intent of causing injury to himself, herself or others ...” The underlying action ended after a jury returned a plaintiffs verdict in the amount of $620.57, including prejudgment interest. In the wake of the jury verdict a District Court judge awarded legal fees to Peckham totaling $14,500.00 for his successful claim under the PIP statute. M.G.L.c. 90, §34M (. . . If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attor *340 neys fees." . . .). At oral argument on the present motion Peckham asked for $120,000.00 in legal fees.
Peckham brought this action, contending in his complaint that:
Hanover’s affirmative defenses against Peckham accuses its own insured of being at-fault for the accident ... As a result of Hanover’s at-fault defense in the underlying Action, Peckham has been placed in jeopardy of being held liable for the automobile accident by third-parties involved in the accident and to dispositive defenses by related tort-carriers, pursuant to the doctrine of Res Judicata and its family.
Hanover is obligated to pay in full the costs and expenses of Peckham in defense of the underlying Action, so as to protect his interests in same and any subsequent lawsuits, and is obligated to indemnify Peckham in full for such liability arising from the underlying Action and any subsequent actions by way of settlement, compromise, or adjudication.
In his summary judgment motion, Peckham claims that Hanover wrongfully failed to “defend and indemnify Peckham for the cost of his defense against Hanover’s own affirmative defenses, allegations, and other defensive arguments postulating Peckham’s fault for the accident.” Hanover seeks summary judgment on Peckham’s declaratory judgment action, arguing that it has no duty to defend where no lawsuit is pending against Peckham.

DISCUSSION

The parties have cross-moved for summary judgment as to whether Hanover had a duty to defend Peckham in Peckham’s lawsuit against Hanover, the underlying action. After careful consideration of the undisputed facts and legal arguments presented by the parties, the court concludes that Hanover had no duty to defend Peckham in Peckham’s lawsuit against Hanover.[1]
Summary judgment is properly granted when there is no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006). A fact is material if it would affect the outcome of the case. Liss v. Studeny, 450 Mass. 473, 482 (2008). A dispute of fact is genuine if the evidence would permit a reasonable fact finder to return a judgment for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991). Interpretation of a written contract is ordinarily a question of law appropriate for summary judgment. Targus Group Int’l, Inc. v. Sherman, 76 Mass.App.Ct. 421, 428 (2010). “A dispute over a writing clearly stating the rights and duties of the parties becomes especially suitable for summary decision.” Id.
Under G.L.c. 231A, §1, the superior court may make a declaratory judgment “either before or after a breach or violation thereof has occurred in any case in which any actual controversy has arisen . . ,”[2] Our courts have decided that “determination of contractual rights is a proper subject of a declaratory judgment proceeding.” Sahli v. Bull HN Info. Sys., Inc., 437 Mass. 696, 705 (2002), and cases cited. Although the court questions whether an actual controversy exists as to Hanover’s duty to defend following the end of the parties’ District Court litigation, it nevertheless addresses the merits of Peckham’s claims.
The issue posed by Peckham’s complaint relates purely to the interpretation of the duty to defend clause of his standard automobile policy. The question is whether Hanover’s duty to defend was triggered by an affirmative defense on which Hanover relied in Peckham’s lawsuit against it for personal injury and medical coverage costs. The answer turns on whether the language of the duty to defend clause, “(Hanover has] the right to defend any lawsuit brought against anyone covered under this policy,” is ambiguous. As Hanover correctly maintains, the term “lawsuit” is clear, and where it is modified by the phrase “brought against anyone covered under this policy,” it can only be read to describe circumstances in which a party brings a legal action against Peckham (emphasis added). Peckham’s argument that Hanover’s affirmative defense to Peckham’s lawsuit is tantamount to the commencement of a lawsuit against Peckham, and thus capable of triggering Hanover’s duly to defend Peckham, is illogical and defies a rational reading of the caselaw to which Peckham cites.[3] Therefore, under the unambiguous language of Peckham’s standard automobile policy, Hanover had no duty to defend Peckham in his own lawsuit against Hanover. Hanover is consequently entitled to summary judgment.
Hanover has filed a motion for sanctions pursuant to Mass.R.Civ.P. 11 and G.L.c. 231, §6F, arguing that Peckham filed this action in an attempt to cause Hanover to defend against a baseless claim and consequently to incur the costs of mounting a defense. The motion for sanctions was placed on the list for hearing together with the cross motions for summary judgment. Such joinder was premature. Now that Hanover has established that Peckham’s complaint lacks merit, Hanover may proceed “to avail [itself] of the remedies afforded by rule 11 and by G.L.c. 231, §6F, which may include costs, damages, and attorneys fees.” U.S. Funding, Inc. of America v. Bank of Boston Corp., 28 Mass.App.Ct. 404, 409 (1990).

ORDER

For the reasons stated above, this court ORDERS that Hanover’s Cross Motion for Summary Judgment be ALLOWED, and Peckham’s Motion for Summary Judgment be DENIED. The clerk is directed to mark Hanover’s motion for sanctions (pleading No. 8.2) for hearing at this court’s earliest convenience.

 The court notes that it had no occasion to address the issue of whether Hanover had a duty to defend Peckham from a lawsuit filed against him (by a third parly) arising from the January 8, 2008 accident. The decision is limited to the facts and allegations in the pleadings and the summary judgment record.

 To maintain an action for declaratory judgment, a party must demonstrate the existence of (1) an actual controversy in the pleadings and (2) legal standing. Galipault v. Wash Rock Invs. LLC, 65 Mass.App.Ct. 73, 84 (2005).

 Peckham relies heavily on Hazen Paper Co. v. United States Fidelity & Guaranty Co., 407 Mass. 689, 693-97 (1990). In that case, the plaintiff brought a declaratory judgment action seeking a determination that the defendant, its insurer, had a duty to defend and indemnify it after receipt of a letter from a federal and state agency stating that the agencies intended to recover damages from the plaintiff for environmental damage. Id. at 690. The Hazen facts are wholly dissimilar to those of Peckham’s case.