EUGENE BRODEUR, SR., & others[1] *vs.* AMERICAN REXOIL HEATING FUEL COMPANY, INC. & others.[2] February 10, 1982. The plaintiffs commenced suit on May 28, 1980, alleging that the defendants had defrauded them of their interests in real property and in certain stock. They seek a determination that certain real estate which had been purchased by the defendants was the subject of a resulting trust and that the proceeds from the sale of that property were the subject of a constructive trust. They also seek to recover the value of the stock which the defendant Maurice R. Brodeur, Sr., allegedly obtained from them by fraud. The defendants' motion for summary judgment was allowed on the ground that the plaintiffs' action was barred by the applicable statute of limitations. The plaintiffs appeal. We affirm.

Although the defendants dispute the plaintiffs' version of the facts which underlie this intrafamily dispute, for purposes of deciding this appeal we will consider the facts in the light most favorable to the plaintiffs. *Hub Associates, Inc.* v. *Goode*, 357 Mass. 449, 451 (1970). *McMahon* v. *M & D Builders, Inc.*, 360 Mass. 54, 56 (1971). See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553-556 (1976). Accordingly, we accept as true the plaintiffs' allegations and summarize the relevant facts: Because the plaintiffs were subject to an outstanding debt and thus unable to procure bank financing needed to purchase property for their business, the individual defendants, being family, purchased certain real estate and constructed a building for the benefit of the plaintiffs. These defendants

---

[1] Eugene Brodeur, Jr., Jean E. Brodeur and Marie E. Brodeur.

[2] Maurice R. Brodeur, Sr., Marie Brodeur, and Franklyn L. Ferguson, individually and as cotrustees of Brodeur Realty Trust.

never fulfilled their promise to transfer the property to the plaintiffs as soon as the business debt was settled. In addition, the defendant Maurice R. Brodeur, Sr., fraudulently induced the plaintiffs (his father, mother and brothers) to part with the shares of stock they owned in American Rexoil Heating Fuel Company, Inc., the family business. Both of these alleged frauds occurred prior to 1970. In early July, 1971, the defendants attempted to sell the real estate, whereupon on July 13 the plaintiffs commenced suit to obtain the return of monies they had invested in the property. In connection with that suit, they obtained an attachment of the property in order to prevent its sale. This attachment was subsequently discharged by the court on the basis of certain releases which the plaintiffs had previously issued to the defendants relieving them of any potential liability which might result from any prior transactions among the parties. The plaintiffs now contend that these releases, executed on April 8, 1970, were also fraudulently obtained. The defendants completed the sale of the property on September 7, 1971. After the attachment was discharged, the plaintiffs failed to file the writ and declaration for the lawsuit they had commenced against the defendants. In December, 1979, the plaintiffs first discovered that their lawsuit had not been entered and they filed a motion seeking permission to file late the necessary writ and declaration. That motion was denied, and on May 28, 1980, the plaintiffs commenced the instant suit.

1. The trial court was correct in holding that the plaintiffs' action was barred by the statute of limitations. Pursuant to G. L. c. 260, § 2, an action seeking the declaration of a trust based on an implied contract must be brought within six years after the cause of action accrues, i.e., when the alleged trust is repudiated or otherwise terminated to the knowledge of the beneficiary. *Lufkin* v. *Jakeman*, 188 Mass. 528, 530-531 (1905). *Boston & No. State Ry.* v. *Goodell*, 233 Mass. 428, 438 (1919). *Quinn* v. *Quinn*, 260 Mass. 494, 497 (1927). *Hanrihan* v. *Hanrihan*, 342 Mass. 559, 567 (1961). *Radford* v. *Lovett*, 1 Mass. App. Ct. 874, 875 (1974). See generally Bogert, Trusts and Trustees §§ 951-953 (2d ed. 1948 & Supp. 1981). In regard to the alleged trust involving the real estate, the defendants' sale of the property in 1971 constituted a clear repudiation that it was being held in trust for the benefit of the plaintiffs. The plaintiffs were certainly aware of this repudiation, as evidenced on July 13, 1971, when the plaintiff Eugene Brodeur, Sr., and American Rexoil Heating Fuel Company, Inc., a corporation in which all the plaintiffs were stockholders, commenced suit against the defendants. It is immaterial that such suit was never finally entered, for it is the commencing of the suit which is relevant for indicating that the plaintiffs were aware that the alleged trust had been repudiated. Further indication that the plaintiffs were aware of the repudiation of the trust is supplied by the statement contained in the counter affidavit of the plaintiff Eugene Brodeur, Sr., that "it was only when the real estate was sold . . . that I realized that my

son, the defendant, . . . had deceived me and perpetrated a fraud upon me, my wife, and my sons." Accordingly, the statute of limitations began to run, at the latest, on September 7, 1971, when the defendants completed the sale of the property, and expired six years thereafter, well before the commencement of this suit in 1980. The plaintiffs are therefore barred from now asserting that the real estate was the subject of a resulting trust and that the proceeds from the sale of the property were the subject of a constructive trust.

2. Assuming, without deciding, that there is evidence of fraud by the defendants in obtaining the releases and the stock owned by the various plaintiffs, the plaintiffs were bound by the applicable statute of limitations to commence legal action within three years of the alleged tortious act. G. L. c. 260, § 2A. Since the stock transfer is alleged to have occurred sometime in 1968 and the releases were executed on April 8, 1970, the time for bringing suit had expired long before this action was commenced on May 28, 1980.

3. Even accepting as true the plaintiffs' claim that the defendant Maurice R. Brodeur, Sr., fraudulently concealed the cause of action from the knowledge of the plaintiffs, see G. L. c. 260, § 12, such concealment terminated no later than September 7, 1971, when the real estate allegedly held in trust was sold. Accordingly, the statute of limitations began to run no later than that date, and thus the period for bringing suit had expired prior to the plaintiffs' commencement of this action.

*Judgment affirmed.*

*Leonard S. Michelman* for the plaintiffs.
*Bruce D. Clarkin* for the defendants.