Toomey, J.
The plaintiff, SFC Valve Corporation (SFC), alleges that the defendants participated in transactions that constituted fraudulent conveyances in violation of General Laws Chapters 109A and 93A. According to SFC, properties were conveyed for the purpose of preventing or hindering satisfaction of an anticipated judgment for SFC in an action currently pending in United States District Court in Florida. This court issued a temporary restraining order on Januaiy 21, 1994. SFC now seeks a preliminary injunction.
BACKGROUND The Florida Action
In a complaint filed on May 19, 1989 in United States District Court for the Southern District of Florida, SFC alleges the following:
SFC, which performs government contracts, incorporated into assemblies supplied to the United States Navy valve stems which SFC had purchased from Wright Machine Corporation of Massachusetts (WMC), of which Carl Cervini (Cervini), now deceased, was president and sole shareholder. As a result of the falsification by WMC’s predecessor in interest of mill certificates for the valve stems, virtually all of SFC’s contracts were suspended pending a government investigation. The investigation produced a finding that WMC and Cervini “participated in, knew of, or had reason to know of’ the falsification of the mill certificates. SFC incurred substantial losses as a result of the wrongdoings of WMC and Cervini.
SFC’s RICO and contract claims in the Florida action were eliminated by a March 1992 order pursuant to the defendants’ motion for summary judgment, leaving only negligence and fraud claims pending in Florida.
The Case at Bar
On January 21, 1994, SFC filed the Massachusetts action alleging that certain transactions, detailed infra, each constituted a fraudulent conveyance for the purpose of preventing or hindering satisfaction of SFC’s anticipated judgment in the Florida action. The Massachusetts suit claims the conveyances violated G.L. chapters 109A and 93A. The allegedly offending transactions are:
Count I
1. The November 1987 conveyance from WMC to Cervini of WMC’s interest in properly in Shrewsbury.
*590 2. The transfer, following Cervini’s death in April 1992, of the Shrewsbury property from the Carl Cervini 1991 Trust to the CJC Nominal Trust.
Count II
1. The February 6, 1990 sale of assets of WMC to Wright Machine Corporation of Delaware, a wholly owned subsidiary of Memiy Corporation.
2. Payment to Cervini of proceeds from the February 6, 1990 sale of assets of WMC to Memry.
Count III
WMC’s February 21, 1990 name change to WMC Liquidation Corporation and subsequent merger, on November 30, 1990, with Cartee, Inc.
In connection with its Massachusetts suit, SFC has now asked this court to enjoin defendants from disposing of certain assets.
DISCUSSION
To prevail on a motion for a preliminary injunction, the moving party must demonstrate that it is likely to succeed on the merits of the case pending before the court in which the motion is filed. Sciaba Constr. Corp. v. Massachusetts Turnpike Auth., 412 Mass. 606, 608 (1992). In considering whether a preliminary injunction should issue, the court must initially evaluate the moving party’s claim of injury and chance of success on the merits. Packaging Indus. Group v. Cheney, 380 Mass. 609, 617 (1980). If it is persuaded of the moving party’s likelihood of success, the court is then to balance the risk of irreparable harm to the moving party, should a preliminary injunction not issue, against the risk of irreparable harm to the opposing party, should an injunction be granted. Id. If the moving party does not satisfy its burden of showing likelihood of success on the merits, however, the court need not proceed to analyze the relative risks of irreparable harm to the parties. Sciaba Constr. Corp., supra at 608.
Time-barred Claims
The limitation period for claims brought under G.L.c. 109A is the limitation period applicable to the plaintiffs underlying claim. Foster v. Evans, 384 Mass. 687, 696-97 (1981). Here, SFC’s Florida action sounds in negligence and fraud, both of which are subject to the three-year statute of limitations for torts. See Brodeur v. American Rexoil Heating Fuel Co., 13 Mass.App.Ct. 939, 941 (1982); G.L.c. 260, §2A. Each transaction or conveyance in question triggers a new three-year period. See Mosely v. Briggs Realty Co., 320 Mass. 278, 285 (1946).
Because this action was filed on January 21,1994, most of SFC’s G.L.c. 109A claims are barred by the applicable three-year limitation period. Despite SFC’s arguments to the contrary, it does not appear that the transactions giving rise to these claims were at any time inherently unknowable or fraudulently concealed, thereby extending the period in which the claims could be brought. See Puritan Medical Center v. Cashman, 413 Mass. 167, 175 (1992); G.L.c. 260, §12. Therefore, with respect to SFC’s claims under G.L.c. 109A, only its claim regarding the transfer of the Shrewsbury property to the CJC Nominal Trust after April 1992 lies within the statute of limitations.
The applicable limitation period for claims under G.L.c. 93A is four years. G.L.c. 260, §5A. Therefore, the Chapter 93A claim arising from the November 1987 conveyance of the Shrewsbury property is time-barred. The remainder of SFC’s claims under G.L.c. 93A survive.
SFC’s Chance of Success on the Merits.
As to the single, non-time barred claim under Chapter 109A, the Uniform Fraudulent Conveyance Act, the court assumes, for purposes of this decision, that SFC is entitled to a right of action as a “creditor” and that the surviving transaction of which SFC complains is a “conveyance” within the scope of the definitions provided by G.L.c. 109A, §1. In determining whether transactions constitute fraudulent conveyances in violation of Chapter 109A, the court’s findings at trial generally rest upon the credibility of oral testimony. Ward v. Grant, 9 Mass.App.Ct. 364, 365 (1988). Here, however, the court’s review is limited to the documents submitted by the parties, and the court is thus in no position definitively to determine the outcome. After reviewing the verified complaint along with deposition excerpts and affidavits supporting and opposing the preliminary injunction sought by SFC, the court does, however, find no substantial likelihood that SFC will establish, at trial, that the single, surviving transaction was a fraudulent conveyance in violation of the provisions of Chapter 109A.
The court further assumes, again for purposes of this decision, that the transactions giving rise to SFC’s claims constituted conduct in a business context, or “in the conduct of any trade or commerce,” and are, thus, governed by Chapter 93A. Begelfer v. Najarian, 381 Mass. 177, 190-91 (1980); G.L.c. 93A, §2. To conclude that an act constitutes an unfair trade practice in violation of Chapter 93A, the court must find that such conduct embodies some common law, statutory, or other established concept of unfairness. Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 504 (1979), rev. denied, 379 Mass. 927 (1980). The court must find that the conduct in question is immoral, unethical, oppressive, or unscrupulous, attaining “a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." Id
Because the court does not find a substantial likelihood that SFC will succeed in proving that the transactions, on which it bases its surviving Chapter 93A claims, fall either within the proscriptions of Chapter 109A or within the scope of Levings, supra the court finds that SFC’s chance of prevailing on its Chapter 93A claims is likewise remote and does not warrant the granting of a preliminary injunction.
Having found no likelihood of success on the merits of the surviving c. 109A and c. 93A claims, the court need not proceed to a balancing of the risks of irrepa- *591 rabie harm that might result from the grant or withholding of preliminary relief.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for a preliminary injunction be DENIED.