**In re Edward F. SIMPSON, Debtor.**

**William G. Billingham, Chapter 7 Trustee in the case of Edward F. Simpson, Plaintiff,**

**v.**

**Edward F. Simpson et al., Defendants.**

**Bankruptcy No. 02–11044–RS. Adversary No. 04–1214.**

United States Bankruptcy Court, D. Massachusetts.

March 31, 2005.

Gary W. Cruickshank, Esq., Boston, MA, for Debtor.

John F. Reidy, Esq., for all other Defendants.

Robert Hamer, Esq., for Plaintiff Trustee.

William Billingham, Esq., Chapter 7 Trustee.

## MEMORANDUM OF DECISION AND ORDER ON JOINT MOTION OF DEFENDANTS FOR DISMISSAL OF COMPLAINT

ROBERT SOMMA, Bankruptcy Judge.

By his seventeen-count amended complaint, the Chapter 7 Trustee, William Billingham ("the Trustee"), seeks to recover for the bankruptcy estate certain assets that, if his allegations are to be credited, the Debtor has transferred to other entities, mostly trusts of which he, his wife, and his brother are trustees, but over which the Debtor nonetheless retains *de facto* control and ownership. The Trustee seeks to recover the assets on two theories: that the transfers may be avoided as fraudulent conveyances or transfers; and that the various assets are held by their respective owners of record in constructive or resulting trusts for the benefit of the Debtor and, in turn, his creditors. In related counts, the Trustee also seeks an accounting and damages under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 11.

The adversary proceeding is before the Court on a motion, brought jointly by all defendants, to dismiss each of the seventeen counts under FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted.[1] No relief can be granted on the various counts, argue the Defendants, because each is barred by the statute of limitations applicable to it. The Trustee opposes the motion as to each count. After a hearing on the motion and consideration of the written and oral arguments of the parties, and for the reasons set forth below, the Court will deny dismissal as to all counts.[2]

### Standard of Review

A court may dismiss a complaint on a motion under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59. Stated otherwise, the Court may dismiss "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990). For purposes of this analysis, the Court must "take the factual averments contained in the complaint as true,

---

1. The motion also cites as a basis Rule 12(b)(1), which permits a motion to dismiss for "lack of jurisdiction over the subject matter." Despite Defendants' reference to this rule in their motion, they have advanced no argument of this nature.

2. The hearing on this motion was conducted by another bankruptcy judge, before the commencement of my tenure as a bankruptcy judge. At a subsequent hearing in this adversary proceeding, the parties stated no objection to my deciding the motion. I have familiarized myself with the transcript of the hearing on this motion.

indulging every reasonable inference helpful to the plaintiff's cause." *Garita Hotel Ltd. v. Ponce Federal Bank*, 958 F.2d 15, 17 (1st Cir.1992).

■ The Defendants' motion to dismiss is based entirely on an affirmative defense: that the claims alleged, though perhaps otherwise meritorious, are barred by their respective statutes of limitations. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the allegations in the complaint, not, as a general rule, the vulnerability of an otherwise sufficient claim to an affirmative defense; by definition, the burden of proof as to an affirmative defense is on the defendant, and the allegations pertinent to it will not necessarily appear in the complaint. Therefore, an affirmative defense may be adjudicated on a motion to dismiss only if two conditions obtain: (i) "the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice" and (ii) "the facts so gleaned must conclusively establish the affirmative defense." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir.2003). Accordingly, if, in response to the motion, the Plaintiff alleges facts extrinsic to the complaint that would defeat the affirmative defense, the Court must deny the motion.

With this standard of review, the Court turns to the various counts. The counts are numerous, as are the facts, issues, and arguments relevant to each. Accordingly, the Court will set forth the relevant facts, procedural history, and arguments of the parties only on a count-by-count basis.

## Counts II and IV: Resulting or Constructive Trusts as to Boatslip, Sandpiper, and Cliffside Estates Properties

In Counts II and IV, the Trustee alleges that the Debtor, by complex transactions, fraudulently transferred his interests in certain real property: the "Boatslip" and "Sandpiper" properties in Count II, and the Cliffside Estates Subdivision in Count IV. The Defendants allege that these fraudulent conveyance counts are governed either by 11 U.S.C. § 548(a), which permits a bankruptcy trustee to avoid a transfer that occurred at most one year before the date of the bankruptcy petition,[3] or, if the Trustee is proceeding under state law, then by the four-year limitations period in § 10 of the Uniform Fraudulent Transfer Act as enacted in Massachusetts ("UFTA"), G.L. c. 109A, § 10.[4] The Defendants construe the complaint as alleging that the transactions at issue occurred or "started" in 1990, 1991, or 1992. They conclude that these claims are time-barred because they accrued more than one year before the bankruptcy filing, thus rendering 11 U.S.C. § 548(a) unavailable, and because they occurred more than four years before the commencement of this adversary proceeding, thus rendering the Massachusetts UFTA unavailable.

■ The Trustee responds that, with respect to these counts, he is proceeding under state law, not § 548(a) of the Bankruptcy Code.[5] However, he contends that

---

**3.** The Debtor filed his bankruptcy petition on February 13, 2002.

**4.** This adversary proceeding was commenced on June 29, 2004.

**5.** Nowhere in the amended complaint does the Trustee identify the statutory basis under

which he is proceeding with respect to these properties or allege the existence of a qualified unsecured creditor required by § 544(b)(1). In his response to the motion to dismiss, the Trustee now alleges the existence of a such a creditor: First New Hampshire Bank, an unsecured creditor holding a 1991

because the transfers in question occurred before October 8, 1996, the date on which the UFTA became effective in Massachusetts, this matter is governed by the Massachusetts law effective before that date, the Uniform Fraudulent *Conveyance* Act ("UFCA"). The UFCA had no statutory limitations period of its own. Rather, the limitations period under the UFCA was governed by judicial decisions under which, the Trustee argues, the applicable limitations period was that period specified by law for the underlying claim for which the fraudulent conveyance action was a remedy. The Trustee contends that, because he is relying on the standing of a judgment creditor, the limitations period is the twenty-year period made applicable to enforcement of judgments in Massachusetts by G.L. c. 260, § 20.

The Court agrees with the Trustee that, if the UFCA applies, then Massachusetts law would employ the statute of limitations applicable to the underlying claim; and that, when, as here, that claim is based on a judgment, the applicable limitations period is the twenty-year period applicable to actions on judgments. *Foster v. Evans*, 384 Mass. 687, 696–697, 429 N.E.2d 995, 1000–1001 (1981) (applying twenty-year period for judgments to a fraudulent conveyance action brought in aid of a judgment on a promissory note); G.L. c. 260, § 20 (twenty year limitation period on judgments). If the Trustee is correct that this matter is governed by the UFCA, then his action, which (by the Trustee's allegations, which for present purposes I must accept as true) is predicated on the standing of a creditor holding a 1991 judg-

ment on a promissory note under seal, would be subject to the twenty-year limitation period for judgments and therefore not time-barred. .

■ The Court must therefore decide whether this matter is governed by the UFTA or its predecessor, the UFCA. The Trustee contends that the Court must apply the law that was in effect at the time that the challenged transfers occurred; he further maintains that the transactions in question occurred in the early nineties, and therefore that the governing law is the UFCA. The Defendants argue that the Court must look to the law in effect at the time the Debtor commenced his bankruptcy case. The Court finds no support in the law for the latter position and, consistent with the clearly articulated position of the Supreme Judicial Court on this issue, agrees with the Trustee that the matter is governed by the law in effect at the time of the transfer. *First Federal Sav. & Loan Ass'n of Galion, Ohio v. Napoleon*, 428 Mass. 371, 373, 701 N.E.2d 350, 352 (1998) ("It is clear that the UFCA governs this case, as it was in force at the time of the conveyance in issue and we would not apply the new act [the UFTA] retroactively.").

■ The next step is to determine whether the date of the transfer is ascertainable from the complaint. The Court finds that it is not. The relevant allegations, too voluminous to repeat here, tell of complex and (perhaps intentionally) opaque and unintelligible transactions over time. It is impossible to determine from these allegations precisely what happened,

judgment arising for a promissory note. Though the complaint should be amended to reflect the Trustee's reliance on § 544(b)(1) and his allegation of a qualified unsecured creditor (and the Court will require that the complaint be so amended), the fact that these allegations do not yet appear in the Amended

Complaint is not cause to disregard them. On a Rule 12(b)(6) motion, the Court should consider any facts that could be proved consistent with the allegations; nothing in these new allegations is inconsistent with the allegations in the complaint.

to know which events finally effectuated the transfers and whether those events occurred before the effective date of the UFTA or after. The Court cannot on the present state of the record determine the dates of the critical transactions, much less with the certainty necessary to justify dismissal at this stage of the proceeding. Therefore, dismissal must be denied as to Counts II and IV.[6]

### Counts I and III: Resulting or Constructive Trusts as to Boatslip, Sandpiper, and Cliffside Estates Properties

■ Counts I and III concern the same properties and same transactions as Counts II and IV but employ a different theory of law and recovery. Here, the Trustee contends that the Debtor transferred record title to the properties to the Defendants only to conceal his interests in the properties from his creditors; and, by virtue of secret agreements and arrangements between the Debtor and the Defendants, the Debtor, despite the ostensible transfers of record title, nonetheless retained both the beneficial interest in the properties and, through the Defendants, actual control over the properties. In these counts, the Trustee seeks to enforce the Debtor's rights against the Defendants under these secret agreements and arrangements, saying they give rise either to a resulting trust or a constructive trust in favor of the Debtor,[7] such that the Trustee is entitled to turnover of the properties.

This cause of action, contends the Trustee, is based on an express or implied contract and therefore governed by the six-year statute of limitations for actions upon contracts set forth in G.L. c. 260, § 2. Moreover, the cause of action arose only upon Defendants' breach or repudiation of the contract. The Debtor purposefully never made demand for enforcement of such rights; consequently, breach or repudiation occurred only when the Trustee

**6.** To be clear, the Court is not holding that the statute of limitations defense does not bar the counts in question, only that the merits of the statute of limitations defense as to these counts cannot be determined on a Rule 12(b)(6) motion to dismiss.

**7.** "A resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein, unless the inference is rebutted or the beneficial interest is otherwise effectively disposed of." RESTATEMENT (SECOND) OF TRUSTS § 404 (1959). The resulting trust is an equitable device to correct a defect in the execution of the transferor's intent. The First Circuit Court of Appeals, applying Rhode Island law, has held that, "[w]hile a court will not enforce the resulting trust created when a person takes property in another's name to avoid creditors, '[t]he creditors, of course, can reach the property.'" *Fleet National Bank v. Valente*, 360 F.3d 256, 264, fn. 6 (1st Cir.2004), citing 5 SCOTT ON TRUSTS § 444.

A constructive trust, on the other hand, "is imposed not because of the legally inferred intention of the parties but because the court concludes that the person holding the title to the property, if permitted to keep it, would profit by a wrong or would be unjustly enriched." RESTATEMENT (THIRD) OF TRUSTS, § 7 cmt. d; *Fortin v. Roman Catholic Bishop of Worcester*, 416 Mass. 781, 788, 625 N.E.2d 1352 (1994) ("Under Massachusetts law, a court will declare a party a constructive trustee of property for the benefit of another if he acquired the property through fraud, mistake, breach of duty, or in other circumstances indicating that he would be unjustly enriched."); *Fleet National Bank v. Valente*, 360 F.3d 256 (1st Cir.2004), at 263, fn. 4 ("Unlike resulting trusts, which are used primarily to enforce the parties' unstated plan at the time of the transfer, constructive trusts are used as remedial devices regardless of the parties' original intent whenever title to property is found in one who in fairness ought not to be allowed to retain it.").

himself, seeking to enforce the Debtor's rights, made demand upon the Defendants for turnover and they refused the demand. Of necessity, the event occurred only post-petition and therefore within six years before the Trustee commenced this action. This is the Trustee's position on the statute of limitations issue as to these two counts.

The Defendants' position is that, whether these counts sound in tort and therefore are governed by the three-year limitations period for tort actions in G.L. c. 260, § 2A (as the Defendants maintain) or sound in contract and therefore are governed by a six-year limitations period (as the Trustee maintains), they are time-barred because these causes of action accrued in the early nineties. The Defendants contend the actions accrued either when the transactions and arrangements that give rise to these counts were put in place (Defendants' initial argument) or when the § 544(b) qualified creditor—the 1991 judgment creditor on whose standing the Trustee is relying for Counts II and IV—did or could have discovered the facts giving rise to the alleged resulting or constructive trusts (Defendants' reply argument). Either way, the Defendants' contend, the cause of action accrued more than six years before this action was commenced.

The Court must deny the motion to dismiss as to these counts. First, the complaint is not clear as to (a) when the events occurred that gave rise to these counts and (b) when the qualifying unsecured creditor discovered or could have discovered the facts giving rise to the alleged resulting or constructive trusts. The timing of these events remains an unsettled issue of fact.

Therefore, even if the Defendants were correct in stating that the Plaintiff's causes of action accrued upon the occurrence of one of these events, the argument would be unavailing as a basis for dismissal on a Rule 12(b)(6) motion.

■ Second, the Defendants are incorrect as to when a cause of action for declaration of a resulting trust arises. Under Massachusetts law, an action seeking the declaration of a resulting trust based on an implied contract is subject to the six-year statute of limitations for contracts, and the cause of action is deemed to accrue "when the alleged trust is repudiated or otherwise terminated to the knowledge of the beneficiary." *Brodeur v. American Rexoil Heating Fuel Company, Inc.*, 13 Mass.App.Ct. 939, 940, 430 N.E.2d 1243, 1244–1245 (1982) and cases cited. Here, the beneficiary is the Debtor; and since the bankruptcy filing, the Trustee has held the Debtor's rights. The Trustee alleges that there was no prepetition repudiation as to the Debtor, and for purposes of this motion the Court must accept this allegation as true. It is irrelevant that the § 544(b) qualified unsecured creditor may have had cause to know of the facts giving rise to the resulting trust more than six years before this action was commenced. The cause of action accrues only upon repudiation of the trust, not when the beneficiary (or a creditor of the beneficiary) should have known of the facts giving rise to the resulting trust. Moreover, in bringing an action to enforce a resulting trust, the Chapter 7 Trustee is simply enforcing rights that belonged to the bankruptcy estate because they belonged to the Debtor at the time of his bankruptcy filing.[8]

---

8. The resulting trust is an equitable device to correct a defect in the execution of the transferor's intent. The right under the resulting trust thus belongs in the first instance to the transferor—here, the Debtor, not his creditors. Where, as the Trustee alleges here, the transferor put property in the name of the transferee in order to avoid the transferor's creditors, courts will allow the creditors to enforce the trust but not the transferor. *Fleet*

See 11 U.S.C. § 541(a)(1) (bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the case). In doing so, the Trustee is not enforcing a creditor's rights via his authority to do so under § 544(b) and therefore is not subject to defenses that might be interposed as to the qualified unsecured creditor necessitated by § 544(b). For these reasons, with respect to the Trustee's claim for declaration of a resulting trust, accrual occurs upon repudiation or termination of the alleged trust; and, as the Trustee alleges that no repudiation occurred outside the six-year limitations period, the Court cannot on the present motion determine that this count is time-barred.

 The Trustee's demand for imposition of a *constructive* trust, being based on a different theory, may require a different analysis. The Court has found no Massachusetts statutory or case law establishing the limitations period—or even that there is a limitations period—for actions to impose a constructive trust; neither have the parties adduced any law on point. Given this vacuum, the Court will not determine at this juncture where Massachusetts law stands on this issue.[9]

### Counts V and VI: Bourne Rotary Property and $700,000 Proceeds of Cambridge Property

 Counts V and VI both concern two assets that the Debtor allegedly acquired in or pursuant to a 1998 settlement of his business dealings with a Thomas Kennedy. The first is Kennedy's interest in the real property known as the Bourne Rotary Property. At some time after February 11, 1998 (the complaint does not specify when), Kennedy transferred his interest in that property to the Debtor, who, with intent to hinder, delay, or defraud his creditors, took the property in the name of one or more of the defendant trusts. Despite the fact that the Bourne Rotary Property is held in the name of a trust, the Debtor in fact owns and controls the property; and he alone supplied the consideration for acquiring it from Kennedy.

The second asset at issue in these counts is the $700,000 fund of proceeds from sale by the Debtor to Kennedy of the Debtor's beneficial interest in certain real property known as the Cambridge Property. At some time after February 11, 1998 (again the complaint does not specify when), the Debtor transferred his beneficial interest in the Cambridge Property to Kennedy; and, as consideration, Kennedy gave the Debtor a $700,000 promissory note. Kennedy paid the note in full in May 2001, and the Debtor has at all times owned and controlled the proceeds of the note, but, with intent to hinder, delay or defraud his creditors, has held them in the name of his wife, Joan Beard.

In Count V, the Trustee asks the Court to determine that both the Bourne Rotary

*National Bank v. Valente,* 360 F.3d 256, 264, fn. 6 (1st Cir.2004), citing 5 SCOTT ON TRUSTS § 444 ("While a court will not enforce the resulting trust created when a person takes property in another's name to avoid creditors, '[t]he creditors, of course, can reach the property.' "). Nonetheless, the right being enforced by the creditor in such an action is an interest in property *of the transferor.*

9. As the Court concluded above, even if the Defendants are correct on the law, the facts are sufficiently unsettled that the Defendants cannot prevail on this count on this motion. Moreover, because this theory is only an alternative theory of recovery with respect to these assets (a *second* alternate, coming after the fraudulent conveyance and resulting trust theories), the Court may not, in the end, have to decide this issue. In view of these considerations, there is no need at this point in the adversary proceeding to venture into unsettled areas of state law. The same is true for each of the other counts in which the Trustee relies on the constructive trust theory.

Property and the proceeds of the $700,000 note are subject to resulting trusts or constructive trusts in favor of the Debtor and therefore must be turned over to the Trustee. In Count VI, the Trustee asks the Court to avoid as fraudulent transfers both (1) the Debtor's transfers of his interest in the $700,000 promissory note (and/or the proceeds thereof) to his wife and (2) the Debtor's transfer of his interest in the Bourne Rotary Property to other named Defendants.

With respect to the resulting trust theory, the Court must deny the motion to dismiss for reasons articulated above: an action seeking the declaration of a resulting trust based on an implied contract is subject to the six-year statute of limitations for contracts, and the cause of action is deemed to accrue when the alleged trust is repudiated or otherwise terminated to the knowledge of the beneficiary, the Debtor. The complaint does not definitively establish that repudiation occurred and was known to the Debtor more than six years before this action was commenced. Therefore, the statute of limitations defense cannot be established as to the Count V resulting trust claims on a Rule 12(b)(6) motion.

■ With respect to the fraudulent transfer theory, the Trustee agrees with the Defendants that this count arose after the effective date of the UFTA in Massachusetts and therefore is governed by the limitations period specified in G.L. c. 109A, § 10(a) for actions under § 5(a)(1) of that chapter.[10] Section 10(a) states that a cause of action under § 5(a)(1) is extinguished unless brought "within four years after the transfer was made or the obli-

gation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." The Trustee contends that this action was brought within one year after the cause of action as to these assets "was or could reasonably have been discovered." The Defendants dispute this fact, and they contend that the claimant whose ability to discover this cause of action is not the Trustee, but the 1991 qualified unsecured creditor.

The Court need not decide who is the proper claimant for purposes of § 10(a). Whether it is the Trustee or a § 544(b) qualified unsecured creditor, the § 10(a) determination turns on facts as to when the cause of action was or could reasonably have been discovered, and these facts are not definitively established by the complaint. Nor is it even clear from the complaint when these causes of action accrued; aside from the May 2001 date, which is within the four-year period before commencement of this adversary proceeding, the complaint attaches no dates to the transfers in question. Therefore, the statute of limitations defense as to the Count VI fraudulent transfer claims cannot be decided on this motion.

### Counts VII and VIII: Center Hill Road Properties, Plymouth, Massachusetts

Counts VII and VIII both concern two parcels (8A and 9A) of real property on Center Hill Road in Plymouth, Massachusetts. The complaint contends that the Debtor concealed his continuing ownership interest in these parcels by putting title to them in Beard and Center Hill Trust; the

---

**10.** Section 5(a)(1) states: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay, or defraud any creditor of the debtor." G.L. c. 109A, § 5(a)(1).

complaint does not specify when these transfers occurred. The complaint further alleges that, in May 1998, another trust controlled by the Debtor, the S.D. Commercial Lending Trust, conveyed parcel 9A for $120,000 (apparently to unaffiliated 3d parties), and that the Debtor controlled the proceeds of this sale. In Count VII, the Trustee contends that parcel 8A and the proceeds on parcel 9A are held by the Defendants in a resulting or constructive trust for the benefit of the Debtor. In Count VIII, the Trustee contends that his transfers of his interests in the Center Hill Road properties were fraudulent transfers, and that he is entitled to damages from the Defendants on account of such transfers.

With respect to the resulting trust theory, the Court must deny the motion to dismiss for reasons articulated above: an action seeking the declaration of a resulting trust based on an implied contract is subject to the six-year statute of limitations for contracts, and the cause of action is deemed to accrue when the alleged trust is repudiated or otherwise terminated to the knowledge of the beneficiary, the Debtor. The complaint does not definitively establish that repudiation occurred and was known to the Debtor more than six years before this action was commenced. Therefore, the statute of limitations defense cannot be established as to the Count VII resulting trust claims on a Rule 12(b)(6) motion.

With respect to the fraudulent transfer theory, the complaint does not specify the date on which the Debtor allegedly transferred title to the named defendants. Therefore, it is impossible even to determine whether this transfer is governed by the UFCA or the UFTA, and, for the same reasons as the Court articulated with respect to Counts II and IV, the Court must deny the motion to dismiss with respect to the Count VIII fraudulent transfers.

### Count IX: Ayer Realty Trust

In this count, the Trustee alleges that, although the Debtor installed his wife as trustee of the Ayer Realty Trust in 1997, the Debtor in fact controls the trust and is its beneficiary. In 1998, this trust sold property, and the Debtor controlled the proceeds of this sale. By Count IX, the Trustee seeks a determination that the property of this trust is subject to a resulting trust or constructive trust in favor of the Debtor.

The Court must deny the motion to dismiss as to this count for reasons articulated above: an action seeking the declaration of a resulting trust based on an implied contract is subject to the six-year statute of limitations for contracts, and the cause of action is deemed to accrue when the alleged trust is repudiated or otherwise terminated to the knowledge of the beneficiary, the Debtor. The complaint does not definitively establish that repudiation occurred and was known to the Debtor more than six years before this action was commenced. Therefore, the statute of limitations defense cannot be established as to the Count IX resulting trust claim on a Rule 12(b)(6) motion.

### Count X: Thoroughbred Race Horses

In Count X, the Trustee alleges that the Debtor owned several race horses, apparently in his own name, and failed to disclose these in his bankruptcy schedules. In this count, the Trustee demands that the Debtor be ordered to turn these assets over to him. The Debtor argues that this count is tortuous in nature and should be governed by Massachusetts' three-year statute of limitations for torts. The Court disagrees. This is a simple turnover action, arising under § 542(a) of the Bank-

ruptcy Code, 11 U.S.C. § 542(a), not under Massachusetts law. The Court is aware of no statute of limitations for turnover actions, especially as to assets the Debtor failed to disclose.

### Count XI: Debtor's Interest in Phoenix Exploration Company

In Count XI, the Trustee alleges that, as of the date of his bankruptcy filing, the Debtor had invested approximately $80,000 in a Philippine company known as Phoenix Exploration Company and continued to own that interest but failed to disclose it in his bankruptcy schedules. In this count, too, the Trustee demands that the Debtor be ordered to turn this asset over to him. The Defendants, assuming this count is in the nature of one for imposition of a constructive trust, challenge this count on statute of limitations grounds.

The Court finds no demand in this count for imposition of a constructive trust. Again, this count is a simple turnover action under § 542(a) of the Bankruptcy Code, and the Defendants have cited no statute of limitations applicable to it.

### Count XII: Debtor's Interest in Edward F. Simpson Revocable Family Trust

In this Count, the Trustee seeks (1) a determination that the Debtor's interest in the Edward F. Simpson Revocable Family Trust, which the Debtor, as grantor, established in August 2001 and fraudulently concealed, is an asset of the bankruptcy estate; (2) a determination that the assets that the Revocable Family Trust owns and controls [11] are assets of the bankruptcy estate; and (3) an order requiring that the assets of the Trust be turned over to the

Trustee (Plaintiff). The Defendants make no specific challenge to this count.

### Count XIII: 109 Sandwich Street, Plymouth, Massachusetts

In this count, the Trustee alleges that the Debtor has at all relevant times owned and controlled the real property at 109 Sandwich Street, Plymouth, Massachusetts, but that he has fraudulently concealed his interest in this property by placing title in the name of the 109 Sandwich Realty Trust. By Count XIII, the Trustee seeks a determination that the property of this trust is subject to a resulting trust or constructive trust in favor of the Debtor.

The Court must deny the motion to dismiss as to this count for reasons articulated above: an action seeking the declaration of a resulting trust based on an implied contract is subject to the six-year statute of limitations for contracts, and the cause of action is deemed to accrue when the alleged trust is repudiated or otherwise terminated to the knowledge of the beneficiary, the Debtor. The complaint does not definitively establish that repudiation occurred and was known to the Debtor more than six years before this action was commenced. Therefore, the statute of limitations defense cannot be established as to the Count XIII resulting trust claim on a Rule 12(b)(6) motion.

### Count XIV: Edward F. Simpson Irrevocable Trust Agreement

■ In this count, the Trustee seeks (1) a determination that the Debtor's interest in the Edward F. Simpson Irrevocable Trust Agreement is an asset of the bankruptcy estate; [12] (2) a determination that the assets the Irrevocable Family Trust

---

11. The complaint does not identify the assets in question.

12. The complaint does not specify what interest the Debtor has in this trust.

owns and controls (one or more life insurance policies on the life of the Debtor) are assets of the bankruptcy estate; and (3) an order requiring that the assets of the Trust be turned over to the Trustee (Plaintiff). The Defendants, assuming this count is one for imposition of a resulting or constructive trust, argue that this count is subject to a six-year statute of limitations and, having arisen in 1994, is barred.

The Court must deny dismissal as to this count. Insofar as this count seeks recovery of the Debtor's interest in the Trust, it is a simple turnover action, not subject to any cited or known statute of limitations. Insofar as this count seeks recovery of the assets of the Trust, the mechanism of recovery is not clear; nowhere in this Count does the Trustee contend he is relying on resulting or constructive trust theories. However, even if the Trustee were relying on those theories, the Court would have to deny dismissal for reasons already articulated: an action seeking the declaration of a resulting trust based on an implied contract is subject to the six-year statute of limitations for contracts, and the cause of action is deemed to accrue when the alleged trust is repudiated or otherwise terminated to the knowledge of the beneficiary, the Debtor. The complaint does not definitively establish that repudiation occurred and was known to the Debtor more than six years before this action was commenced.[13] Therefore, the statute of limitations defense cannot be established as to the resulting trust claim (assuming there is one in this count) on a Rule 12(b)(6) motion.

13. The 1994 date cited by the Defendants is mentioned in the complaint as the date when the Debtor communicated with an attorney about creating this trust.

14. In view of the allegation of fraudulent concealment and the further allegation that Debtor held title to the mortgage in his capacity as trustee of Bostonian Financial Trust, the

### Count XV: The Dracut, Massachusetts Mortgage

The Trustee alleges that the Debtor owns and controls the proceeds of a mortgage on property in Dracut, Massachusetts, which mortgage the Debtor, in his capacity as trustee of Bostonian Financial Trust, discharged on January 26, 2000, and that the Debtor fraudulently concealed his continuing interest in the mortgage and its proceeds. By Count XV, the Trustee seeks a determination that the Debtor's interests in the mortgage and the proceeds thereof are assets of the estate and that the Debtor is obligated to turn these assets over to the Trustee. The Defendants argue that fraudulent concealment is a tort, and therefore this count is governed by Massachusetts' three-year statute of limitations for torts.

The Court disagrees. This count, on its face, seeks two things: a determination that an asset of the Debtor has become property of his bankruptcy estate by operation of 11 U.S.C. § 541; and an order compelling the Debtor to turnover that asset under 11 U.S.C. § 542. The allegation of fraudulent concealment is extrinsic and irrelevant to both requests. Neither request is subject to any cited limitations period. Therefore, dismissal is denied as to this count.[14]

### Count XVI: Accounting

In Count XVI, the Trustee demands accountings from the Defendants

Plaintiff Trustee may also have intended by this count to seek an order determining that the Bostonian Financial Trust held title to the Dracut mortgage and its proceeds in a resulting or constructive trust for the benefit of the Debtor. However, in contrast to many other counts in the complaint, this count contains no such request.

with respect to their disposition of proceeds from sale of the assets that are the subject of the various preceding counts. The Court reviews the relief requested herein as adjunct to the causes of action and demands for relief set forth in the earlier counts. It does not state a separate cause of action or implicate a separate statute of limitations.

### Count XVII: Chapter 93A, § 11

In Count XVII, the last of his Amended Complaint, the Trustee contends that the various wrongful acts of which he complained in Counts I through XV were also unfair trade practices prohibited by G.L. c. 93A, § 11 that the Debtor undertook knowingly and willfully, with intent to cause his creditors harm. The Defendants argue that a cause of action under Chapter 93A, § 11, is subject to the four-year limitations period for "consumer protection actions" in G.L. c. 260, § 5A, and that the cause of action accrued in 1990 or 1991.[15] The Trustee responds with two arguments: first, that his causes of action under c. 93A did not arise until creditors suffered damage, and here they suffered damage only when the Debtor filed a bankruptcy petition without sufficient assets to pay the over $3 million in scheduled claims; and second, that the applicable limitations period as to each wrongful act was equitably tolled while the causes of action were fraudulently concealed. The Court finds that the tolling argument raises issues of fact that are outside the scope of facts established by the complaint. Therefore, I need not determine whether this count is indeed subject to the cited limitations period and when the cause of action under Chapter 93A should be deemed to have arisen with respect to each of the various

assets. Even if the Defendants are correct on these issues, the tolling argument requires denial of this motion to dismiss as the Chapter 93A count.

### ORDER

For the reasons set forth above, the Joint Motion of Defendants for Dismissal of Complaint is hereby DENIED as to all counts of the Amended Complaint. The Trustee shall, on or before April 15, 2005, file a Second Amended Complaint in which he amends the present Amended Complaint by indicating that he is relying in his fraudulent conveyance/transfer counts on his authority under 11 U.S.C. § 544(b) and alleging, in accordance with § 544(b)(1), that the transfers in question are voidable under applicable law by one or more specified creditors, each of whom holds an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under § 502(e).

---

**15.** The Defendants do not explain how they understand the Trustee's various causes of action to have accrued in 1990 or 1991.