ROBERT A. CARBONE *vs.* SCHOOL COMMITTEE OF MEDFORD. October 2, 1981. 1. It is clear from the record on remand (a) that during the eight-month period in question the plaintiff was a member of the bargaining unit (G. L. c. 150E, § 3) which was defined by and recognized under § 2 of the collective bargaining agreement executed by the defendant on March 2, 1978, and (b) that throughout that same period Local 380 (local) was certified by the Labor Relations Commission (Commission) under G. L. c. 150E, § 4, as the exclusive representative of all the employees (G. L. c. 150E, § 1) in that unit for the purpose of collective bargaining. It is also clear from the undisputed testimony on remand that the only reason for the local's refusal to process the plaintiff's claim under the grievance provisions of the collective bargaining agreement was that he was not a member of and had not paid dues to the local. Although that refusal may have been in good faith, it was discriminatory as to the plaintiff within the meaning of G. L. c. 150E, § 5, with the result that he was entitled to compel arbitration without regard to the wishes and over the objections of the local and the defendant. See *Norton* v. *Massachusetts Bay Transp. Authy.*, 369 Mass. 1, 2 (1975). Contrast *Frost* v. *Framingham*, 9 Mass. App. Ct. 843 (1980). 2. No question of possible issue preclusion arising out of the Commission's refusal to issue a complaint under G. L. c. 150E, § 11 (see *Southern Worcester County Regional Vocational Sch. Dist.* v. *Labor Relations Commn., ante* 189, 191-192 [1981]), was raised on the original record, and no such question was comprehended within the order of remand. 3. The order denying the plaintiff's application to compel arbitration is reversed, and a new order is to be entered requiring the defendant to arbitrate the plaintiff's grievance.

*So ordered.*

*C. Fred Welensky* for the plaintiff.