25 Mass. App. Ct. 439      439

Baker *v.* Local 2977, State Council 93, Am. Fedn. of State, County & Municipal Employees.

ALBERT B. BAKER *vs.* LOCAL 2977, STATE COUNCIL 93, AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO, & another.[1]

No. 87-510.

Barnstable. January 20, 1988. — March 2, 1988.

Present: BROWN, KAPLAN, & SMITH, JJ.

*Labor,* Fair representation by union, Judicial relief, Arbitration.

A labor union that declined to press an employee's grievance to the final stage of arbitration did not breach its duty of fair representation where no substantial evidence demonstrated that the union's decision was arbitrary or irrational, discriminatory, or made in bad faith. [441-443]

CIVIL ACTION commenced in the Superior Court Department on June 25, 1985.

The case was heard by *Francis W. Keating,* J.

The case was submitted on briefs.

*John C. Weld* for the plaintiff.

*Augustus J. Camelio* for Local 2977, State Council 93, American Federation of State, County & Municipal Employees, AFL-CIO.

*John B. Cochran,* for Labor Relations Commission, amicus curiae.

KAPLAN, J. William Ames, the plaintiff Albert Baker, and four others applied to fill an advertised vacancy for the position of section foreman, highway division, Barnstable department of public works, W-12. After evaluation of these persons, the defendant town of Barnstable, as employer, through the department, selected Baker for the post.[2] Ames filed a grievance

---

[1] Town of Barnstable.

[2] The record does not describe the evaluation and selection procedure that was applied.

under the collective bargaining agreement between the town
and the defendant union, the exclusive representative of the
relevant unit of employees, of which Ames and Baker were
members. The grievance charged that the selection of Baker
was in violation of article V ("Seniority") of the collective
agreement, quoted in the margin,[3] and that, upon a proper
application of this provision, Ames deserved the appointment.
Ames's grievance was denied at the first and second stages of
the grievance procedure, but at the third stage, consisting of
submission to the selectmen, the town allowed the grievance
and appointed Ames to the post. Accordingly, Baker reverted
to his previous position as mechanic in the highway division.

Baker then filed his grievance, asserting a violation of article
V in the appointment of Ames, and claiming his, Baker's,
right to the appointment. This grievance was denied through
the third stage, and the union, although requested by Baker,
did not press the grievance to the final stage, arbitration.[4]
Baker, as plaintiff, commenced the present action in Superior
Court with the union and the town as defendants, alleging that
the union's decision not to go to arbitration was in breach of
its duty of fair representation. Baker prayed for a judgment
directing the town to proceed to the arbitration of his grievance.[5]

What emerged upon trial may be briefly stated. It was com-
mon ground that, if seniority were disregarded, Baker was
better qualified for the position than Ames by a substantial

---

[3] "An employee's continued length of service with the Employer shall
determine the seniority of the employee. All promotions within the bargain-
ing unit shall be determined on a seniority basis, however, merit shall be
a factor. The reasonableness of the employer's judgment with respect to
merit may be made the subject matter of the grievance procedure after
proper discussion with the chairman of the bargaining unit."

[4] Baker also requested the town to proceed with arbitration, but was
refused. We have no occasion to consider whether there may be events
under the collective agreement upon which the town can demand arbitration.
Compare Trinque v. Mount Wachusett Community College Faculty Assn.,
14 Mass. App. Ct. 191, 193 (1982).

[5] There is no contention that the court's competence was ousted by the
"primary jurisdiction" of the Labor Relations Commission. See the discus-
sion in Leahy v. Local 1526, American Fedn. of State, County, & Municipal
Employees, 399 Mass. 341, 345-351 (1987).

margin; Ames could be found to be minimally qualified. Ames, however, had a wide advantage over Baker in seniority: Ames had twenty-four years of service, Baker eight. The judge, upon findings of fact and rulings of law, holding in effect that Baker had failed to establish breach of duty on the part of the union, entered judgment denying the application to compel arbitration. Baker appeals.

As a rule a court will not compel last-stage arbitration of a grievance at the suit of an individual employee when his union has declined to request arbitration under the collective agreement. Exceptionally, the individual may secure such relief when he is able to establish by "substantial evidence"[6] that the union's negative decision was "arbitrary" or "discriminatory" or actuated by "bad faith,"[7] and the union thus stands in breach of the duty of fair representation. Our Labor Relations Commission has expressed a union's responsibility in other words that come to much the same thing. "Because bargaining agents' obligations often require that they represent conflicting interests, the National Labor Relations Board and the courts allow them a wide range of reasonableness in fulfilling their statutory duties, subject to good faith and honesty in the exercise of their discretion. . . . Consequently, an aggrieved employee, notwithstanding the possible merits of his claim, is subject to a union's discretionary power to pursue, settle, or abandon a grievance, so long as its conduct is not improperly motivated, arbitrary, perfunctory or demonstrative of inexcusable neglect."[8] Under such a canon, it is not enough for the em-

---

[6] See *Amalgamated Assn. of St., Elec. Ry. & Motor Coach Employees* v. *Lockridge,* 403 U.S. 274, 301 (1971); *Berman* v. *Drake Motor Lines, Inc.,* 6 Mass. App. Ct. 438, 445 (1978).

[7] See *Norton* v. *Massachusetts Bay Transp. Authy.,* 369 Mass. 1, 2 (1975).

[8] See *Local 285, Serv. Employees Intl. Union,* 9 M.L.C. 1760, 1764 (1983) (in this and other cited cases before the Labor Relations Commission the employee is bringing a charge of prohibited practice against the union under c. 150E, § 10[b][1]). In later decisions, the commission has spoken of "unlawful" rather than "improper" motivation. See *Boston Teachers Union,* 12 M.L.C. 1577, 1584 (1986).

ployee to show that his grievance was "meritorious,"[9] or that the union made a "judgmental error",[10] or employed reasoning which, as an original matter, would not satisfy an expert Labor Relations Commission[11] or, by extension, a judge. That a union did not reach the correct interpretation of a collective agreement[12] — was "inartful, unskillful, or erroneous" in contract analysis[13] — would not endow the grieving employee with a right to correction at the hands of a court. The distinction often to be observed is "between honest, mistaken conduct, on the one hand, and deliberate and severely hostile and irrational treatment, on the other."[14]

On the present record, there is nothing approaching "substantial evidence" that the defendant union was other than "honest" in deciding not to pursue the grievance to the end. We do not enter upon a detailed inquiry whether the union's implicit interpretation of the seniority provision was correct. The view that an employee with much greater seniority than another, but with much less, yet minimal, merit qualified for promotion

---

[9] See *Vaca* v. *Sipes*, 386 U.S. 171, 195 (1967).

[10] See *Berman* v. *Drake Motor Lines, Inc.*, 6 Mass. App. Ct. 438, 445 (1978).

[11] *Teamsters Local 437*, 10 M.L.C. 1467, 1474 (1984).

[12] See *Fitchburg Sch. Comm.*, 9 M.L.C. 1399, 1415 (1982).

[13] *Teamsters Local 437*, 10 M.L.C. 1467, 1477 (1984).

[14] See *Amalgamated Assn. of St., Elec. Ry. & Motor Coach Employees* v. *Lockridge*, 403 U.S. 274, 301 (1971); and, generally, *Trinque* v. *Mount Wachusett Community College Faculty Assn.*, 14 Mass. App. Ct. 191 (1982).

A public policy may be so strong as to justify the overthrow of a union's decision refusing to process a grievance even where the union may have acted in good faith. So for a case where the union's refusal was based on the fact that the employee was not a union member and had not paid dues. See *Carbone* v. *School Comm. of Medford*, 12 Mass. App. Ct. 948 (1981).

over that other, is not on its face irrational or indicative of any ulterior or malign motive on the part of the union.[15]

*Judgment affirmed.*[16]

---

[15] A previous contest between two employees for a position resulted in arbitration under American Arbitration Association auspices in 1982 at the instance of the present union; the same seniority clause was involved. The record before the arbitrator (Harold Fuller grievance) was a full one on how the town made its selection (the arbitrator was critical of the process). In the arbitrator's view, the collective agreement placed "greatest emphasis on seniority, with merit nonetheless remaining a factor to be taken into consideration." He considered the candidates of roughly equal merit, and, upsetting the town's selection, awarded the post to the candidate who had a small edge (about one year) in seniority.

The arbitrator's decision is not contradictory of the union's action in the present case. We point out, also, that the function of an arbitrator in deciding priority under the contract is different from that of the Labor Relations Commission, or a court, in deciding whether a union has violated its duty of fair representation in declining to take a grievance to arbitration. See *Fitchburg Sch. Comm.,* 9 M.L.C. 1399, 1415 (1982).

[16] We have had the benefit of a brief submitted by the Labor Relations Commission as a friend of the court.