Rup, Mary-Lou, J.
On May 12, 2008, Marie Lucien (the plaintiff) filed an action against James Conlee (Conlee), Andre Ravenelle (Ravenelle), the Fitchburg School Department (the School Department), Lois Mason (Mason), and the Fitchburg Teachers’ Association (the FTA). Count VI of the complaint alleges that the FTA breached its contract with the plaintiff. Count VII of the complaint alleges that Mason interfered with contractual obligations the plaintiff was owed by the FTA.
The FTA and Mason now move to dismiss or, in the alternative, for summary judgment on Counts VI and VII. For the following reasons, the motion will be ALLOWED.
BACKGROUND
The relevant facts are taken from the summary judgment record,[2] viewed in the light most favorable to the nonmoving party. See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
The plaintiff has been employed as a teacher by the Fitchburg School Department since 1992. She is a member of the FTA and has the benefit of a collective bargaining agreement executed by the School Department and the FTA. Since beginning her employment, the plaintiff has taught at several different schools within the Department.
Beginning in 1996, she was assigned to what would later become known as the Academy Middle School, where she remained until she was transferred to the Fitchburg High School for the 2005-2006 academic year following the School Department’s comprehensive reorganization of its middle schools. During a faculty meeting conducted at the end of the 2004-2005 school year, Conlee, the Academy Middle School’s principal, instructed teachers to turn in their keys on the last day of school and that an administrator would check all materials taken from the school building by transferring teachers.
On August 12, 2005, the plaintiff attended a seminar at the Academy Middle School, following which she began packing personal items from her old classroom. A custodian observed and reported the plaintiffs actions to Conlee. Shortly thereafter, Conlee made an announcement over the school’s public address system reminding teachers that, according to school policy, they would be subject to an administrative search prior to leaving the school. A subsequent search of the plaintiff and her vehicle turned up no school property.
The FTA was not made aware of and did not approve the search policy instituted by Conlee. After the August 12, 2005 incident, Lucien made a complaint about the policy to the FTA through its agent Mason. Mason’s responsibilities included filing unfair labor practice charges with the Division of Labor Relations (DLR). Mason requested that Ravenelle, the school superintendent, terminate the search policy. When negotiations with Ravenelle proved unfruitful, Mason *306 filed an unfair labor practices charge with the DLR and assisted Lucien in preparing an affidavit for submission to the DLR. Shortly thereafter, Ravenelle wrote a letter of apology to the plaintiff and withdrew the search policy. As a result, Mason withdrew the unfair labor practices charge she had filed with the DLR and never filed the plaintiffs affidavit.
DISCUSSION
Mason and the FTA have moved to dismiss or alternatively for summary judgment. Where a defendant files a 12(b)(6) motion to dismiss and “matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.” Mass.R.Civ.P. 12(b). In this case, because Mason and the FTA and the plaintiff have submitted and argued materials outside of the plaintiffs complaint, I treat the motion as one for summary judgment pursuant to Mass.R.Civ.P. 56.
A motion for summary judgment should be granted where there is no genuine issue as to any material fact and the moving parly is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the record entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party who does not bear the burden of proof at trial may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991). Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson, 404 Mass, at 17. The nonmoving party cannot defeat a motion for summary judgment by resting on the pleadings and mere assertions of disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). In deciding motions for summary judgment, the court may consider pleadings, deposition transcripts, answers to interrogatories, admissions on file, and affidavits. Mass.R.Civ.P. 56(c). The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen., 386 Mass. at 370-71 (1982).
A. Breach of Contract (Count VI)
The plaintiff alleges that the FTA breached the collective bargaining agreement by failing to properly investigate the plaintiffs complaint regarding Conlee, by failing to vigorously defend the plaintiff, and by failing to file a timely unfair labor practices charge with the DLR with regard to the August 12, 2005, incident.
The contract at issue here is the collective bargaining agreement (CBA) executed by the FTA and the School Department. The CBA provided that the FTA would represent the interests of teachers in their disputes with the School Department. That said, unless the FTA assumed additional duties though a contractual agreement, the plaintiff may sue it only for breach of the duly of fair representation. See United Steelworkers of America, AFL-CIO-CLC v. Rawson, 495 U.S. 362, 372-74 (1990).[3] Here, because the plaintiff can point to no provision in the CBA in which the FTA assumed additional duties, her suit is limited to breach of the duty of fair representation, see id., 495 U.S. at 372-74, and her breach of contract claim fails as a matter of law.
To the extent that one might read Count VI of the plaintiffs complaint as a claim for breach of the duty of fair representation, the claim would still fail.[4] The duly of fair representation is breached only where the union engages in conduct that is “arbitrary, discriminatory, or in bad faith.” Graham v. Quincy Food Serv. Employees Ass’n & Hosp., Library & Pub. Employees Union, 407 Mass. 601, 606 (1990), quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967). In that regard, “(u)nions are permitted ‘a wide range of reasonableness’ in representing the often conflicting interests of employees; hence, unions are vested with considerable discretion not to pursue a grievance, as long as their actions are ‘not improperly motivated, arbitrary, perfunctory or demonstrative of inexcusable neglect.’ ” Id., 407 Mass. at 606, quoting Baker v. Local 2977, State Council 93, Am. Fed’n of State, County & Mun. Employees, AFL-CIO, 25 Mass.App.Ct. 439, 441 (1988). Ordinary negligence is not enough to establish breach of the duly of fair representation. Graham, 407 Mass. at 606.
Here, Mason met with Lucien to discuss the August 12th search incident, then asked Ravenelle to terminate the search policy. When Ravenelle failed to do so, Mason filed a unfair labor practices charge with the DLR and assisted Lucien in drafting an affidavit to submit to the DLR. When Ravenelle issued an apology to the plaintiff and ended the search policy, Mason withdrew the unfair labor practices charge. As a consequence, she did not file the plaintiffs affidavit with the DLR.
The plaintiff has presented no facts demonstrating that the FTA engaged in conduct that was arbitrary, discriminatory or in bad faith. The facts demonstrate that the FTA, through Mason, acknowledged the search policy issue, took action to correct it, and withdrew the unfair labor practices charge once the issue was resolved. While it is undisputed that Mason never filed the plaintiffs affidavit with the DLR, she based her decision to forego the filing as a result of Ravenelle’s apology and withdrawal of the search policy. The plaintiff has no reasonable expectation of proving her claim of breach of the duty of fair repre *307 sentation at trial. She has failed to demonstrate the existence of any genuine issue of material fact with regard to whether withdrawal of the complaint about the search policy and failure to file her affidavit was arbitrary, discriminatory, or in bad faith. Summary judgment is appropriate as to Count VI of the plaintiff s complaint.
B. Interference with Contractual Relations (Count VII)
In Count VII, the plaintiff alleges that by withdrawing the unfair labor practices charge and failing to file the plaintiffs affidavit with the DLR, Mason interfered with contractual obligations the FTA owed to the plaintiff. Union representatives and counsel are not personally liable for actions taken on behalf of the union. Best v. Rome, 858 F.Sup. 271, 275-76 (D.Mass. 1994). Because it is undisputed that the plaintiffs claim against Mason derives from actions Mason took while acting in her capacity as union representative, the plaintiffs claim against Mason is barred as a matter of law. Therefore, summary judgment is appropriate on Count VII.
ORDER
For the reasons set forth above, it is hereby ordered that the Fitchburg Teachers’ Association and Lois Mason’s Motion to Dismiss and/or for Summaiy Judgment pursuant to Mass.R.Civ.P. 12(b)(6) and 56 is ALLOWED.

Background facts also come, in part, from the pleadings related to a motion for summaiy judgment filed by the other defendants, Conlee, Ravenelle and the School Department.

In interpreting G.L.c. 150E, the Massachusetts Labor Relations Act, courts may look to federal decisions applying parallel provisions of the National Labor Relations Act. Service Employees Int'l Union, AFL-CIO, Local 509 v. Labor Relations Comm’n 431 Mass. 710, 713-14 (2000). Both the Massachusetts Labor Relations Act and the National Labor Relations Act impose a duty of fair representation upon unions. Leahy v. Local 1526, Am Fed'n of State, County & Mun Employees, 399 Mass. 341, 348 (1987); Vacav. Sipes, 386 U.S. 171, 177 (1967).

The FTA and Mason correctly state that the DLR, and not the court, has primary jurisdiction over cases involving breach of the duty to fairly represent, Leahy v. Local 1526, AFSCME, 399 Mass. 341, 349 (1987), and, as a consequence, the plaintiff was barred from having her claim heard before the DLR because she failed to file a complaint with the DLR within six months of the date of the alleged breach. See 456 Code Mass. Regs. 15.03. However, “[plrimaty jurisdiction is a doctrine exercised in the discretion of the court!,]” Leahy, 399 Mass. at 349, and in cases “[wjhere the agency does not have such a fact finding role, or the dispute does not require particular expertise, there is less call for invoking primary jurisdiction.” Id. at 350. Furthermore, the six-month limitations period set out in 456 Code Mass. Regs. 15.03 does not apply to court proceedings involving breach of the duty of fair representation. Graham v. Quincy Food Serv. Employees Ass'n & Hosp., Library & Pub. Employees Union, 407 Mass. 612-13 (1990). Dismissal of Count VII on that ground is not appropriate.