Rufo, Robert C., J.
This matter is before the Court on Motions to Dismiss by Defendants Local 2519 IAFF (“Union") and Town of Mashpee (“Town”), as well as a Motion for Rule 11 Sanctions by the Union against Plaintiffs attorney. For the reasons discussed below, the Union and the Town’s Motions to Dismiss are ALLOWED and the Union’s Motion for Rule 11 Sanctions is DENIED.
FACTUAL BACKGROUND
Plaintiff Daniel Bohnenberger served as a Lieutenant in the Town of Mashpee Fire Department from November 2004 to December 7, 2010, when he was demoted to the rank of Fire Fighter, which he presently holds. His demotion occurred as the result of allegedly falsifying sick leave on November 5, 2010. Plaintiffs employment was governed by the Collective Bargaining Agreement (“CBA”) between the Defendants, the Town and the Mashpee firefighters’ union, Local 2519 IAFF. Article 10 of the CBA, entitled “Employee Grievance Procedures,” set forth a four-step process by which the union could seek to resolve disputes with the employer on behalf of an aggrieved member.
The Union processed Plaintiffs grievance so as to preserve the fifteen-day time limit imposed by Article X of the CBA. Plaintiff and the Union also signed an agreement in which the Union expressly reserved its right to withdraw the case if it determined the merits did not warrant proceeding to arbitration. Upon reviewing Plaintiffs case, the Union exercised this option and declined to pursue arbitration, deeming his case “un-meritorious.” Plaintiff has sued the Union for breach of the duiy of fair representation (“DFR”), as well as the Town for breach of contract and to compel arbitration. Both defendants have moved to dismiss, and the Union also seeks Rule 11 sanctions against Plaintiffs attorney.
DISCUSSION
I. Motions to Dismiss
In order to withstand a motion to dismiss, a complaint must contain “allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect the threshold requirement... that the plain statement possess enough heft to sho[w] that the pleader is entitled to relief.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl Corp. v. Twombly, 127 S.Ct. 1955, 1966 (2007) (internal quotations omitted). While a complaint need not set forth detailed factual allegations, a plaintiff is required to present more than labels and conclusions, and must raise a right to relief “above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).” Id.; see also Harvard Crimson, Inc. v. President & Fellows of Harvard Coll., 445 Mass. 745, 749 (2006).
*624 A. Motion by the Union — Count I (Breach of the Duty of Fair Representation)
The Union advances three independent grounds for dismissal. It first contends that Plaintiff has failed to state a claim upon which relief may be granted, as he has not pled sufficient facts to establish the elements of a breach of the Duly of Fair Representation (“DFR”). The Union next asserts that Plaintiff lacks standing to compel arbitration or pursue a private cause of action under G.L.c. 150E §8 and §10, respectively. Finally, the Union argues the doctrine of primary jurisdiction bars Plaintiff from seeking relief in Superior Court where, as here, he has not first filed a charge of prohibited practices against the Union with the Department of Labor Relations (DOLR).
i.Failure to State a Claim for Breach of the Duty of Fair Representation
The Union has moved to dismiss Plaintiffs DFR claim on the basis that he has not pled sufficient facts to establish a breach of the Union’s obligation. Plaintiff has failed to allege “substantial evidence" of bad faith that is “intentional, severe, and unrelated to legitimate union objectives,” as required to show a breach of DFR. Amalgamated Assoc. of St., Elec. Ry. & Motor Coach Employees v. Lockridge, 403 U.S. 274, 301 (1971). Therefore, his DFR claim must rest on a showing that the Union’s decision to withdraw its Conditional Agreement to Arbitrate was arbitrary or discriminatory. Vaca v. Sipes, 386 U.S. 171, 190 (1967). Here, however, Plaintiff has not alleged sufficient facts to show that the Union’s decision not to pursue his claim was so egregious as to overstep the “wide range of reasonableness” afforded to it in exercising its discretion. See Baker v. Local 2977, 25 Mass.App.Ct. 439, 441 (1988). Because of this considerable latitude, unions may properly decline to take even meritorious claims to arbitration. Hines v. Anchor Motor Freight Inc., 424 U.S. 554 (1976).
Here, the Union expressly retained the right to “withdraw the arbitration at any time, if in the Union’s good-faith judgment, the facts of the case or the evidence presented indicate that the grievance lacks sufficient merit to proceed further.” After the Union “discovered facts that materially undermined Bohnenberger’s credibility and other important facts regarding the union’s ability to present a viable defense,” it was entitled to exercise that option.
ii.Standing
Plaintiffs assertions notwithstanding, an individual employee may not compel a public sector employer to arbitrate a grievance under c. 150E, §8.[2] Only a party to the agreement may seek judicial enforcement of an agreement to arbitrate under G.L.c. 150C. An individual employee may not force a public employer to arbitrate a grievance unless the employee has successfully established that the union breached its DFR in a proceeding before the DOLR. As Plaintiffs later-filed charge of prohibited practices in the DOLR is still pending, he has not met this statutory prerequisite. Consequently, he may not seek an order from the Court compelling arbitration.
iii.Primary jurisdiction
Finally, Plaintiff asserts that his claims are properly before the Court because the issues raised by his grievance are not so complex as to require the specialized expertise of the DOLR However, regardless of whether the Court is competent to hear breach of duty cases, the doctrine of primary jurisdiction controls. The legislature has required aggrieved employees to pursue DFR claims at a specialized administrative agency — here, the DOLR — where the Union denies engaging in any conduct that violated its duty to Plaintiff. See Leahy v. Local 1526, 399 Mass. 341, 347 (1987) (noting “the legislative scheme . . . contemplates a primary role for the Department of Labor Relations” in resolving labor disputes, “including those over the duty of fair representation”). Consequently, “cases raising the duty of fair representation should normally be decided in the first instance by the commission.” See id. at 349.
For the reasons stated above, Defendant Local 2519’s Motion to Dismiss is ALLOWED.
B. Motion by the Town — Counts II (Breach of Contract) and III (Declaratory Relie!)
Defendant Town of Mashpee moves to dismiss Counts II and III, the only claims asserted against it, pursuant to Mass.RCiv.P. 12(b)(6). It argues that Plaintiff lacks standing to sue on the breach of contract claim because public employers are statutorily obligated to negotiate with the union, and the union alone, “with respect to wages, hours, standards of productivily and performance, and any other terms and conditions of employment . . .” G.L.c. 150E, §6. Because the union serves as the “exclusive bargaining representative” for the unit, individual employees are not proper parties to seek redress under the CBA. See e.g., Johnston v. School Comm. of Watertown, 404 Mass. 23, 25 (1989). Thus, Plaintiff does not have the right to bargain directly with the Town over alleged violations of the labor agreement. This principle remains unaffected whether or not Plaintiffs discharge was for “just cause,” as the union alone holds the contractual right to appeal such a disciplinary determination.
Because Plaintiff lacks standing to enforce an agreement to which he is not a party, he is similarly prohibited from seeking declaratory judgment in his favor pursuant to that agreement. Accordingly, Count III, which seeks to compel the Town to arbitrate the underlying dispute, cannot stand in light of the dismissal of Count II.
In sum, Plaintiff has failed to allege facts demonstrating that he is entitled to seek relief from his employer. As a non-party to the labor agreement, Plaintiff does not have standing to enforce the CBA. Absent standing to sue on the underlying breach of contract claim, Plaintiff is also unable to seek a declaratory judgment compelling arbitration on the basis of *625 that agreement. For the reasons stated above, Defendants’ Motion to Dismiss is ALLOWED.
II. Motion by the Union for Rule 11 Sanctions Against Plaintiffs Counsel
Mass.R.Civ.P. 11(a) authorizes, but does not require, a judge to impose attorneys fees and costs where an attorney “has failed to show a subjective good-faith belief that the pleading was supported in both fact and law.” Van Christo Advertising, Inc. v. M/A-Com/LCS, 426 Mass. 410, 416 (1998). The test is whether the complaint shows “beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” U.S. Funding, Inc. of America v. Bank of Boston Corp., 28 Mass.App.Ct. 404, 408 (1990). While Rule 11 “does not excuse an attorney’s willful ignorance of facts and law which would have been known had the attorney simply not consciously disregarded them," this Court does not find Plaintiffs complaint to evince “a design to defraud or to seek an unconscionable advantage,” or other indicia of bad faith. Van Christo, 426 Mass. at 416. Defendant Local 2519 IAFFs Motion for Sanctions is therefore DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendant Local 2519 IAFF and Defendant Town of Mashpee’s Motions to Dismiss are ALLOWED. Defendant Local 2519 IAFF’s Motion for Rule 11 Sanctions is DENIED.

G.L.c. 150, §8 provides, in relevant part, “The parties may include in any written agreement a grievance procedure culminating in final and binding arbitration to be invoked in the event of any dispute concerning the interpretation or application of such written agreement. In the absence of such a grievance procedure, binding arbitration may be ordered by the commission upon the request of either party.”